David Ralph BLANKENSHIP, Plaintiff–Appellant,

v.

Larry P. MEACHUM; David C. Miller; E.K. McDaniels; David Morris, Sr.; Sammy Earls, Defendants–Appellees.

No. 87–1858.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1988.

David Ralph Blankenship, pro se.

Robert A. Nance, Asst. Atty. Gen. (Robert H. Henry, Atty. Gen., Oklahoma City, Okl., with him on the brief), for defendants-appellees.

Before MOORE and TACHA, Circuit Judges, and BRIMMER, Chief Judge.[*]

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the district court dismissing his complaint filed pursuant to 42 U.S.C. § 1983.

Plaintiff was placed in protective custody at the Lexington Correctional Center (LCC) after having been assaulted by other inmates. Plaintiff alleged that when he was transferred to the Oklahoma State Reformatory (OSR), he was placed with the general prison population instead of continuing in protective custody. As a result, he was attacked by an unknown inmate and suf-

fered head, chest, knee, and groin injuries and emotional distress. Plaintiff alleged that this placement subjected him to cruel and unusual punishment in violation of the Eighth Amendment. He also alleged that prison officials had failed to follow prison regulations.

The district court held that plaintiff had failed to allege more than mere negligence on the part of prison officials and, therefore, had failed to state a claim under the standard announced in *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed. 2d 677 (1986). On appeal, plaintiff repeats his allegations and also argues that the district court erred in not appointing counsel to represent him.

The district court's reliance on *Daniels* and *Davidson* was misplaced. In *Daniels* and *Davidson,* the Court addressed violations arising under the due process clause of the Fourteenth Amendment which resulted in the deprivation of life, liberty, or property. Plaintiff alleged that he had been subjected to cruel and unusual punishment in violation of the Eighth Amendment.

The failure of prison officials to protect an inmate from attacks by other inmates *may* rise to the level of an Eighth Amendment violation. *Meriwether v. Faulkner,* 821 F.2d 408, 417 (7th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987) (emphasis added). While an "express intent to inflict unnecessary pain is not required, ... [i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

Plaintiff has not shown more than inadvertence or a good faith error by defendants. Plaintiff alleged that the LCC staff and transportation officer were aware

[*] Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation.

of his status. He admitted that he did not request protective custody from the OSR staff. Defendants submitted a medical intake report which indicated that plaintiff was in protective custody status. However, there is no indication or allegation that information gathered by the medical staff was routinely shared with intake officers or that the medical staff refused to share this information. Plaintiff has not shown that any defendant acted in a wanton or obdurate manner.

The decision whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Bethea v. Crouse*, 417 F.2d 504 (10th Cir.1969). We find no abuse of discretion in the court's refusal to appoint counsel. Plaintiff's allegation that prison officials failed to comply with prison regulations is vague and conclusory and fails to state a constitutional claim.

Plaintiff is granted in forma pauperis status on appeal. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Plaintiff's outstanding motions are denied.