951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jake Lee MORGAN, Plaintiff-Appellant,
v.
Frank MORGAN, and Jessica Brewer, Defendants-Appellees.
 No. 91-7097.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. Morgan appeals the granting of summary judgment, and we allow him to proceed in forma pauperis.
 
 
 4
 Jake Lee Morgan is an inmate in the Oklahoma prison system. Mr. Morgan filed a pro se complaint which was subsequently amended. The complaint was based upon 42 U.S.C. § 1983 and the thrust of the complaint alleged the prison officials knowingly placed a mentally handicapped individual as Mr. Morgan's cellmate and this individual hit Mr. Morgan "caus[ing] injury to his right eye and face" and "painful back injury pains." Mr. Morgan asserted defendants' action violated his Eighth Amendment Rights (cruel and unusual punishment) and denied him equal protection. Mr. Morgan sought damages of $1,100,000.
 
 
 5
 The district court ordered a Martinez report, which was submitted in the form of a motion for summary judgment. The gist of this report was that the cellmate arrived after hours; there were no medical records; there was no other cell to place him; there were no indications the cellmate was aggressive or posed a threat; and the only injury suffered by Mr. Morgan was a small lump under his right eye. The summary judgment motion raised the issue of qualified immunity.
 
 
 6
 Mr. Morgan was given the opportunity to respond and the matter was referred to a Magistrate Judge who concluded there existed no dispute of material fact; defendants' conduct was reasonable and did not violate Mr. Morgan's constitutional rights; defendants were entitled to qualified immunity; and defendants' motion for summary judgment should be granted.
 
 
 7
 Mr. Morgan filed an objection to the Magistrate Judge's report where the sole issue raised was the assertion that "[p]rison officials are under a legal duty to protect Plaintiff from assaults by other prisoners." He argued defendants should have known the cellmate posed a risk. Mr. Morgan filed a supplemental objection where he argued that if he could see his cellmate had a mental problem, the prison officials should have known.
 
 
 8
 The district court granted defendants' motion for summary judgment, and Mr. Morgan appeals pro se asserting: (1) genuine issues of material fact existed; and (2) the district court should have granted his motion for discovery.
 
 
 9
 Mr. Morgan argues it is prison policy to screen all new prisoners for mental problems and their failure to do so amounted to deliberate indifference. He also argues the cellmate's medical records showed he was violent. The undisputed facts do not support Mr. Morgan's arguments. The facts established that the prison officials had no knowledge of the cellmate's mental problems until after he was celled. Likewise, after the celling, Mr. Morgan never stated he had any fears concerning his cellmate nor did he request protective custody. The failure of a prison official to protect an inmate from attacks by other inmates may rise to the level of an Eighth Amendment violation, Blankenship v. Meachum, 840 F.2d 741, 742 (10th Cir.1988), but only if the evidence shows the defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives. Harris v. Maynard, 843 F.2d 414, 416 (10th Cir.1988). The evidence fails to rise to this level.
 
 
 10
 Mr. Morgan next claims he was denied discovery. Mr. Morgan filed a document entitled "Motion for Full Discovery" wherein he asked for "all information and evidence" within defendants' knowledge. When qualified immunity is asserted as a defense, discovery is severely limited. For discovery to proceed under these circumstances, Mr. Morgan would have to make a specific showing tied to defendants' claim of qualified immunity. This he failed to do.
 
 
 11
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3