955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry ULRICH, Plaintiff-Appellant,
v.
Gary W. DELAND; Eric Demillard; Nancy Munroe, Social
Worker of the Department of Corrections,
Defendants-Appellees.
 No. 91-4141.
 United States Court of Appeals, Tenth Circuit.
 Feb. 11, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Jerry Ulrich appeals an order of the district court dismissing his action against defendants brought pursuant to 42 U.S.C. § 1983. The district court dismissed Ulrich's complaint because allegations in the complaint did not support a conclusion that Ulrich's constitutional or federal statutory rights were violated. On appeal, Ulrich contends that he was deprived of counsel and was denied a fair hearing in the district court. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Because Ulrich proceeds pro se, we liberally construe his contentions on appeal. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). After Ulrich filed his original complaint, the district court referred the case to a federal magistrate, who recommended that the complaint be dismissed for failure to state a claim under § 1983. The district court dismissed the complaint under 28 U.S.C. § 1915(d), but granted leave to Ulrich to file an amended complaint. In his amended complaint, Ulrich clearly and succinctly made factual allegations against defendant Nancy Munroe--namely that Munroe, a social worker, "proceeded to harass, demean, and humiliate" him and that Munroe had caused him to be removed from a sex offender's therapy program carried out in the prison. When the district court dismissed the amended complaint for failure to state a § 1983 claim, Ulrich filed this appeal and now argues that--in order to afford him a "fair hearing"--the district court should have appointed counsel to represent him.
 
 
 4
 Under 28 U.S.C. § 1915(d), "the decision whether to appoint counsel in a civil case is left to the sound discretion of the district court." Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988); McCarthy v. Weinberg, 753 F.2d 836, 839 (10th Cir.1985). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." McCarthy, 753 F.2d at 839-40. For substantially the reasons given by the district court, we agree that Ulrich's amended complaint failed to allege a violation of his constitutional or federal statutory rights. Therefore, we conclude that the district court did not abuse its discretion in refusing to appoint counsel to represent Ulrich.
 
 
 5
 In addition, Ulrich requests that this court subpoena certain documents--including grievance letters from inmates--that he alleges are held by Gary Deland. The subpoena of such documents is a discovery matter left to the district court's discretion. We do not address such issues raised for the first time on appeal. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 6
 Accordingly, the district court's order dismissing Ulrich's amended complaint is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3