961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loren Lee WHISNANT, Plaintiff-Appellant,
v.
Robert T. STEPHAN; Gary Stotts; D. McCone; Gary Rayl;
Raymond Roberts; Callison, Warden; Stupar, Assistant
Warden; Buford, Assistant Warden; John W. Rutledge; C.E.
McCray; Lenny Ewell; David Shipman; John Stewart; Timmy
King, Defendants-Appellees.
 No. 91-3317.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Loren Lee Whisnant, a Kansas prison inmate, appeals from the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. Plaintiff sought injunctive relief and damages stemming from prison officials' allegedly unconstitutional actions in terminating his prison employment, providing unsafe working conditions and housing him with violent offenders. The district court dismissed his pro se complaint as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 2
 Plaintiff does not have a legal interest in his claims of workplace safety violations, and his employment termination claim does not state a basis for relief under any arguable legal theory. The district court's dismissal under 28 U.S.C. § 1915(d) of these two claims therefore was appropriate. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991) (pursuant to § 1915(d), court may dismiss as frivolous claims alleging legal interests that do not exist, claims based on inarguable legal theories, and claims based on implausible factual allegations).
 
 
 3
 Regarding Plaintiff's final claim, we note that the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation. See Harris v. Maynard, 843 F.2d 414, 416 (10th Cir.1988); Blankenship v. Meachum, 840 F.2d 741, 742 (10th Cir.1988). However, plaintiff's allegations regarding both the housing arrangements and the deliberate indifference of the prison officials are vague and conclusory. See Harris, 843 F.2d at 416 (prison officials' conduct must amount to a "wanton or obdurate disregard of or deliberate indifference to the prisoner's [safety]"). Construing plaintiff's pleadings liberally as required under Haines v. Kerner, 404 U.S. 519, 520 (1972), we are satisfied that plaintiff could not possibly obtain relief under the facts alleged. Therefore, sua sponte dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate. See McKinney v. Department of Human Services, 925 F.2d 363, 365 (10th Cir.1991) (citing Baker v. Director, 916 F.2d 725, 726 (D.C.Cir.1990) (per curiam)).
 
 
 4
 In the absence of "a rational argument on the law or the facts," Plaintiff's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915(d).
 
 
 5
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3