963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy NEESE, Defendant-Appellant.
 No. 91-7091.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1992.
 
 Before TACHA, SNEED* and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Appellant Timothy Neese appeals the district court's sentencing determination after he was convicted of one count of distributing methamphetamine and one count of conspiring to distribute methamphetamine. On appeal, Neese contends that he should not be held accountable, under the United States Sentencing Guidelines (U.S.S.G.), for a quantity of drugs a codefendant negotiated for a future delivery with an undercover officer. He also asserts that the district court erred when it enhanced his sentence under the Sentencing Guidelines for firearms possession. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 Neese contends that the district court improperly determined that he was accountable for an amount of methamphetamine for which a coconspirator negotiated delivery. Additionally, Neese argues that the negotiation of a four ounce delivery by a codefendant of methamphetamine to the undercover officer constituted a separate conspiracy. To resolve these issues, we must determine whether Neese could have reasonably foreseen that this particular drug transaction would occur and whether it occurred within the scope of the conspiracy. United States v. Reid, 911 F.2d 1456, 1462 (10th Cir.1990) ("a defendant is accountable for drug quantities associated with a conspiracy provided that such quantities were within the scope of, and reasonably foreseeable in connection with, the criminal activity he jointly agreed to undertake with his co-conspirators"), cert. denied, 111 S.Ct. 990 (1991); see also U.S.S.G. § 1B1.3(a)(2) ("conduct for which the defendant would be otherwise accountable also includes conduct of others in furtherance of the execution of the jointly undertaken criminal activity that was reasonably foreseeable by the defendant"). The district court found, by a preponderance of the evidence, that Neese was accountable for a negotiated sale of four ounces of methamphetamine by codefendant Franks. We agree.
 
 
 3
 The district court must determine that the government proved the issue of reasonable foreseeability by a preponderance of the evidence. Reid, 911 F.2d at 1462. We review the district court's "determination that co-defendant conduct in furtherance of a joint criminal venture was reasonably foreseeable to the defendant" for clear error. United States v. Bianco, 922 F.2d 910, 913 (1st Cir.1991). After reviewing the record in this case, we conclude that there was no clear error. The record reveals that Neese delivered methamphetamine as part of the conspiracy. Agent Martson personally observed Neese act in this role on two separate occasions. Agent Martson also met Neese as he was leaving codefendant Franks' residence when he set up the purchase of the four ounces of methamphetamine. Most importantly, when the search warrant was served, Neese was found in Franks' residence. This evidence and other evidence in the record provides ample support for the district court's conclusion that the drug quantities associated with the conspiracy "were within the scope of, and reasonably foreseeable in connection with, the criminal activity he [Neese] jointly agreed to undertake with his co-conspirators." Reid, 911 F.2d at 1462.
 
 
 4
 Neese also argues that the district court erred in enhancing his sentence for possession of firearms. U.S.S.G. § 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Application note 3 specifies that this "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Under § 1B1.3(a)(1), a court must consider "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense." Further, the application note specifies that "the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." Id. comment (n. 1). In United States v. McFarlane, 933 F.2d 898, 899 (10th Cir.1991), we held that the reasonable foreseeability of a weapons possession by a codefendant may be inferred if the codefendant knowingly possessed the weapon. See also United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir.1991). We review the district court's determination of foreseeability under the clearly erroneous standard. United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir.1990).
 
 
 5
 The record reveals that when officers entered codefendant Franks' residence, Neese was present and in possession of nicotinamide, a substance used to "cut" methamphetamine. As the officers entered, Franks ran toward the bedroom where an unloaded shotgun with an obliterated serial number was lying in plain view on the bed. Franks had $6,000 and 2.8 grams of methamphetamine on his person. A drug-detecting canine indicated that the money had been in close proximity to a controlled substance. The open location of the shotgun and the presence of drugs and drug money lead us to conclude that the district court properly found that the firearm was used in furtherance of the conspiracy. Given this evidence and additional evidence in the record, we cannot conclude that the district court's determination was clearly erroneous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Joseph T. Sneed, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3