**Glen A. COUNCE, Plaintiff,**

v.

**Officer GOINGS, et al., Defendants.**

**No. 90–3363–DES.**

United States District Court,
D. Kansas.

March 22, 1993.

Glenn A. Counce, pro se.

Martha M. Snyder, Kristy L. Hiebert, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages resulting from a beating he suffered from other inmates while incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff claims defendants acted with deliberate disregard to plaintiff's safety in not preventing the beating, and thus violated plaintiff's constitutional rights. Defendants filed their answer and an investigatory *Martinez* report regarding plaintiff's claim.

Plaintiff seeks damages from two prison guards who plaintiff claims had prior notice that another inmate was threatening harm to plaintiff. This other inmate was present during plaintiff's later beating. Plaintiff argues that defendants failed to adequately protect plaintiff from the threatened harm.

The record clearly documents the beating plaintiff sustained. Plaintiff relies solely on the fact that each defendant observed or intervened in one of two separate arguments plaintiff had with the other inmate prior to the assault. However, the documents provided in the *Martinez* report reveal nothing to indicate defendants were aware, or should have been aware, of a future threat to plaintiff's safety.

Prisoners are entitled to reasonable protection against attacks by other inmates. *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489 (10th Cir.1990). The failure to protect an inmate from attacks by other inmates may rise to an eighth amendment violation. *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir.1988). The claim must be evaluated under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), reiterated recently in *Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The evidence must show defendants acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives. *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir.1988). The mere showing that an assault occurred may not be sufficient. If the assault resulted from defendants' negligence, no constitutional claim is presented. *See e.g. Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (guard failed to act on inmate's note of threatened danger; negligence only, no deliberate indifference).

In the present case, there is no factual basis for finding defendants acted with deliberate indifference to plaintiff's safety, as required for plaintiff to proceed under § 1983. Deliberate indifference requires showing "a knowledge of a need and an unwillingness to act on the part of the prison officials." *Baker v. Holden*, 787 F.Supp. 1008, 1018 (D.Utah 1992). Here, plaintiff can do neither. Plaintiff never complained of threatened harm, and never requested protective custody. Given the uncontroverted circumstances presented in this case, the court finds no factual or legal basis for the alleged eighth amendment violation. Dismissal of the complaint, therefore, is warranted under 28 U.S.C. § 1915(d).

IT IS THEREFORE ORDERED that the complaint is dismissed, and that all relief requested by plaintiff is denied.