992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul S.C. BARNETT, Plaintiff-Appellant,
v.
Gary D. MAYNARD; Denise Spears; Jerry Mayfield; Ken
Williamson; Jerry Grayson, Sgt.; Kathy Britt; Russell
Littlejohn; Mark Wattles; Gaye Ballard; Max Newberry;
Leon Moore, Coordinator; Gary Franks; Dick Ladd; Malcome
Darrough; Jane Kenneda; Shirley Turner, Supervisor,
Defendants-Appellees.
 No. 92-7120.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brings this § 1983 action alleging that his civil rights were violated during his imprisonment in Oklahoma on charges of child molestation. The district court dismissed the action as frivolous under 28 U.S.C. § 1915(d) (1988). We affirm in part and reverse in part.
 
 
 3
 Plaintiff initially claims that while he was employed as a prisoner laborer at Oklahoma State Industries, Defendants issued a misconduct report in retaliation for informing prison authorities about various improprieties in which the Defendants allegedly were engaging. However, in the special Martinez report that the prison authorities prepared, the prison was unable to find any evidence that such a misconduct report was ever issued. Plaintiff explained in a subsequent pleading that this was because the misconduct report was dismissed. We conclude from his admission that Plaintiff did not suffer a constitutionally congnizable harm from this incident. Consequently, we AFFIRM this dismissal of this allegation under § 1915(d).
 
 
 4
 Plaintiff next argues that he unknowingly and unwillingly participated in the theft of prison property by several of the Defendants. Plaintiff has not presented any evidence that he was harmed by this alleged incident, nor is there any suggestion that he faces any future prosecution arising out of this incident. Plaintiff's constitutional claim based on this matter is frivolous and was properly dismissed under § 1915(d). We AFFIRM the dismissal of this claim.
 
 
 5
 Plaintiff next argues that Defendants engaged in a wide variety of violations of state law and prison rules. Plaintiff has not shown that he was harmed in any way by these alleged violations. Plaintiff therefore is without standing to raise these issues. We AFFIRM the dismissal of this claim as frivolous under § 1915(d).
 
 
 6
 Plaintiff also alleges that Defendant Turner deliberately lowered his work evaluations in retaliation for his decision to report her alleged improprieties to prison officials. While the record reveals that Plaintiff continued to receive acceptable work evaluations, Plaintiff alleges that other inmates received more favorable evaluations and were awarded raises by Ms. Turner. In addition, Plaintiff alleges that he was eventually fired from his job by Ms. Turner and other defendants in retaliation for these reports. In short, Plaintiff alleges a direct causal link between his reports against Defendants and a significant pecuniary loss on his part.
 
 
 7
 This allegation raises troubling First Amendment issues. In addition, the special Martinez report reveals that around this time, Ms. Turner was investigated by Internal Affairs for alleged misconduct, although the record does not reveal the result of the investigation. While the Martinez report specifically controverts the claim that Plaintiff had a misconduct entered against him, it does not confirm or deny the claim that Plaintiff was fired.[1]
 
 
 8
 We are not prepared to state at this time that Plaintiff has presented a prima facie case, or even that Plaintiff's First Amendment cause of action presents a claim on which relief can be granted. However, we are convinced that, under the circumstances, Plaintiff's contentions are not frivolous and should not have been dismissed under § 1915(d). We REVERSE the dismissal of this claim under § 1915(d) and remand for further proceedings on this issue.
 
 
 9
 Finally, Plaintiff claims that Defendant Turner deliberately attempted to incite the other inmates to abuse him because he was charged with child molestation.[2] Plaintiff alleges that Turner informed other inmates of the charges against Plaintiff, "which in turn did cause the other inmates to taunt, urinate in my coffee cup, put feces in my work clothes, take my cigarette tobacco, put feces in my bed while I would be at work, and threatening me with imminent bodily injury." (R. doc. 3 at 4.)
 
 It is well established that
 
 10
 [t]he failure of prison officials to protect an inmate from attacks by other inmates may rise to the level of an Eighth Amendment violation. While "an express intent to inflict unnecessary pain is not required, ... [i]t is obduracy and wantonness, not inadvertance or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."
 
 
 11
 Blankenship v. Meachum, 840 F.2d 741, 742 (10th Cir.1988) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (citations omitted). Here, Plaintiff has alleged that Defendant Turner deliberately incited other inmates to harm him. Such an allegation clearly states a claim under the Eighth Amendment.
 
 
 12
 In addition, we note that the deliberate indifference standard requires far more than mere negligence, and that claims that do not present any plausible basis for concluding that the prison authorities were deliberately indifferent are properly dismissed under § 1915(d). Nevertheless, because of the investigation of Ms. Turner and the well-known risks of assault that child molesters face in prison, the factual allegations, including the specific claim that the incitement was deliberate, are not fanciful. We REVERSE the dismissal of this claim under § 1915(d). Whether it can survive properly conducted Summary Judgment or other pretrial proceedings, we make no implication.
 
 
 13
 We AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff's work records are attached to the Special Report, but they stop in June 1991. The Martinez report, filed in March 1992, does not reveal whether Plaintiff's employment terminated at that time, and if so, why
 
 
 [2]
 The record does not reveal whether Plaintiff was ever convicted of that charge