9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy HANSON, Plaintiff-Appellant,
v.
Larry SMITH, Hospital Administrator, in his individual and
official capacity; Al Salazar, Physicians Assistant, in his
individual and official capacity; John Wollen, Physicians
Assistant, in his individual and official capacity; James
Sperry, Physicians Assistant, in his individual and official
capacity, Defendants-appellees.
 No. 93-3129.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 6, 1993.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Timothy Hanson, appearing pro se, appeals the district court's grant of defendants' motion for summary judgment and denial of his motion for leave to proceed in forma pauperis. The motion to proceed in forma pauperis is granted.
 
 
 3
 Plaintiff, a prisoner of the United States Penitentiary at Leavenworth, Kansas (USPL), serving a ten-year sentence for Armed Bank Robbery, filed a "Bivens type" civil rights action against the prison hospital administrator and three physicians' assistants in their individual and official capacities. Plaintiff alleged that after he broke his leg during recreation on August 27, 1992, he was "... not properly attended to, (they) waited too long to diagnose it, and treating it, and by removing the cast way too soon, thereby even given him the time to heal properly" all of which constituted failure to provide proper and timely medical attention constituting "deliberate indifference" on the part of the defendants in violation of the Eighth Amendment (Plaintiff's Complaint, p. 5). Plaintiff sought compensatory and punitive damages and declaratory relief. Id. at 6.
 
 
 4
 The defendants responded and filed a memorandum with attached affidavits and exhibits in support of a motion to dismiss, similar to a Martinez report. See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). Following notice to plaintiff, the district court treated defendants' motion to dismiss as a motion of summary judgment pursuant to Fed.R.Civ.P. 56(c), finding that no there was no genuine issue of material fact existing. The court cited Abercrombie v. City of Catoosa, Okla., 896 F.2d 1228, 1223 (10th Cir.1990), for the rule that a nonmoving party may not rely on mere allegations or denials contained in the pleadings or briefs, but must come forward with specific facts showing the presence of a genuine issue for trial. The plaintiff was accorded an opportunity to respond to the defendants' motion for summary judgment. Thereafter, plaintiff filed a response, asserting that his claim has merit and that his motion for discovery should have been granted.
 
 
 5
 This court recognizes, just as did the district court, that inasmuch as plaintiff is representing himself, his complaint must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 6
 The factual scenario found by the district court is confirmed by our review of the record. It shows that following an August 27, 1972, football game, plaintiff was examined by a physician's assistant who diagnosed plaintiff's injury as muscle strain. Plaintiff received some pain medication and the leg was bandage wrapped. Plaintiff was informed that he should return if the pain persisted. No x-ray technician was available, but plaintiff was scheduled for the next "call out" for medical services after the weekend. The plaintiff's leg was x-rayed on September 1, 1992, and a non-displaced fracture was discovered. The leg was put in a short cast with a walking heal and plaintiff was provided with pain medication. Plaintiff complained of continuing pain and was provided with medication. When plaintiff complained of side effects from the medication, the medication was changed. Plaintiff's cast was removed following further x-rays showing that his leg was healing on September 24, 1992.
 
 
 7
 The district court held that plaintiff had not alleged acts or omissions sufficiently harmful to evidence deliberate indifference by the defendants to plaintiff's serious medical needs, citing to Estelle v. Gamble, 429 U.S. 97, 106 (1976). We agree. In Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991), the Court clarified and emphasized the Eighth Amendment's deliberate indifference standard under Estelle, observing that "[o]nly the ' "unnecessary and wanton infliction of pain" ' implicates the Eighth Amendment." Even should medical opinions differ among prison doctors, such a difference of opinion does not support a claim of cruel and unusual punishment. Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).
 
 
 8
 On appeal, plaintiff argues that (1) the district court abused its discretion in failing to appoint counsel to assist him in the presentation of his complaint, (2) the district court abused its discretion in failing to grant him the right of discovery, and (3) the district court abused its discretion in granting summary judgment.
 
 
 9
 The decision as to whether to appoint counsel to represent an indigent inmate in a civil action is a matter left to the sound discretion of the district court. Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988). We find no abuse of discretion in this case. Furthermore, we find nothing supporting the plaintiff's contention that the district court erred in denying his right of discovery. Plaintiff apparently wished to pursue a fishing expedition without any basis or foundation.
 
 
 10
 We hold that plaintiff's claim is based on an indisputably meritless legal theory. Rhodes v. Chapman, 452 U.S. 337, 347 (1981) holds that Eighth Amendment claims must be based on the deprivation of a "minimal civilized measure of life's necessities."
 
 
 11
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3