16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Patrick HASHMAN, Plaintiff-Appellant,
v.
Peggy HEIL, Director, SOTP; Bill Mead; Becky Romano;
Marshal Farley; Hilbert Navaro; Judy Smith; Jacquie
Giamp; Burl McCullar; Richard Moor; Linda Bermudez;
Sandi Patrick Hendricks; Gale L. Huff; Diane Bails; Roy
Romer, Governor; R.L. Hedgeman; Ben Griego; Gloria Green;
Frank Gunter, Defendants-appellees.
 No. 93-1168.
 United States Court of Appeals, Tenth Circuit.
 Jan. 11, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 David Patrick Hashman, an inmate at the Limon Correctional Facility, Colorado Department of Corrections, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from an order of the district court adopting the Recommendation of the magistrate judge, following Hashman's objections thereto, and dismissing his civil rights complaint filed pursuant to 42 U.S.C.1983.
 
 
 3
 Within his complaint, Hashman alleged that: he suffered from a psychosexual personality; he had requested placement in the Department of Corrections sex offender treatment program but had been denied such placement; and appellees' refusal to allow him to participate in the sex offender treatment program violated his rights under the United States Constitution. Hashman requested declaratory relief defining his right to treatment, injunctive relief to prevent appellees from continuing their unconstitutional practices, and compensatory damages in the amount of thirteen and one-half million dollars.
 
 
 4
 Hashman's complaint was referred to a magistrate judge. The magistrate judge issued a show cause order to provide Hashman an opportunity to demonstrate a legal basis for his claims. Hashman responded to that order. Thereafter, the magistrate judge entered a Recommendation that the complaint be dismissed, finding that: Hashman failed to specify how the individual defendants had personally participated in any alleged violations; "[p]ersonal participation is an essential allegation in a 1983 action," Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976); the defendants may not be held liable under a theory of respondeat superior, Ruark v. Solano, 928 F.2d 947 (10th Cir.1991); an inmate does not have a federal constitutional right to rehabilitative programs, Battle v. Anderson, 564 F.2d 388, 403 (10th Cir.1977), thus, denying Hashman sex offender treatment is not a violation of his rights under the Fourteenth Amendment; in order to prevail on his claim that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, Hashman must allege and prove that defendants acted with wanton or deliberate indifference to his serious medical needs; Hashman failed to allege that defendants have been deliberately indifferent to his medical needs; furthermore, "in order to find an Eighth Amendment violation, the deliberate indifference to a medical need must rise to the level of unnecessary and wanton infliction of pain," Robertson v. Moreland, 655 F.2d 887, 889 (8th Cir.1981); neither Hashman's complaint nor response contains allegations rising to this level; and Hashman's allegation that defendants, by denying him treatment, had violated his right to be free from discrimination, does not allege a viable claim under the Fourteenth Amendment for denial of equal protection inasmuch as Hashman failed to allege that he is being treated dissimilarly to similarly situated inmates.
 
 
 5
 In an order adopting the magistrate judge's Recommendation as its own and dismissing Hashman's complaint, the district court found:
 
 
 6
 Plaintiff objects [to the magistrate judge's recommendation] stating that he is not seeking rehabilitation, but necessary medical care. Therefore, his objections are directed primarily toward his Eighth Amendment claim. As the Magistrate Judge correctly noted, a serious medical need is one that has been designated by a physician as mandated for treatment or is so obvious that a lay person would easily recognize the need for a doctor's attention.... Plaintiff makes no showing of an immediate threat to his health other than his own allegations of mental anguish. Therefore, the plaintiff's claims do not rise to the level of a constitutional violation.
 
 
 7
 (R., Vol. I, Tab 35 at 2-3).
 
 
 8
 On appeal, Hashman contends that the court: (1) violated his due process and equal protection rights and procedural due process by failing to comply with the Federal Rules of Civil Procedure; (2) abused its discretion dismissing his motion for counsel; (3), (4), and (5) violated his due process and equal protection rights and procedural due process by failing to conduct any hearing, by not reviewing all relevant and material information and evidence which was submitted and pertained to the case, and by denying the admittance of relevant evidence.
 
 
 9
 We have reviewed the record, keeping in mind that when a prisoner represents himself, his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). Nevertheless, pro se litigants "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), cert. denied, --- U.S. ---- (1993).
 
 I.
 
 10
 Hashman contends that the court erred and violated his due process and equal protection rights and procedural due process rights when it failed to comply with or enforce the Federal Rules of Civil Procedure. Specifically, Hashman contends that the court violated the rules when it failed to require the defendants to respond in any form to his complaint.
 
 
 11
 Hashman's complaint was referred to a magistrate judge in accordance with Rule 72.4 of the Local Rules of Practice for the District of Colorado. Under Rule 72.4 the "magistrate judge shall review the petition or complaint pursuant to 28 U.S.C.A.1915(d) and may request from the prisoner additional facts or documentary evidence to determine if the petition or complaint states a claim pursuant to 28 U.S.C.A.1915(d)."
 
 
 12
 After reviewing Hashman's complaint, the magistrate judge issued a show cause order to provide Hashman an opportunity to demonstrate a legal basis for his claims. Hashman responded to the order. Thereafter, the district court adopted the magistrate judge's Recommendation and dismissed the complaint, finding, inter alia, that "[p]laintiff makes no showing of an immediate threat to his health other than his own allegations of mental anguish. Therefore, the plaintiff's claims do not rise to the level of a constitutional violation." (R., Vol. I, Tab 35 at 3).
 
 
 13
 Under the facts herein, we hold that the district court's dismissal of Hashman's complaint without first requiring the appellees to respond did not violate the Federal Rules of Civil Procedure. Nothing in the rules requires that a response be filed in every action. A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Although dismissals typically follow motions to dismiss, a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991).
 
 II.
 
 14
 Hashman contends that the magistrate judge erred and abused his authority when he denied Hashman's motion for appointment of counsel and, further, that the district court erred when it adopted the magistrate's order.
 
 
 15
 The decision as to whether to appoint counsel in a civil case is a matter within the sound discretion of the district court. Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988); Bethea v. Crouse, 417 F.2d 504 (10th Cir.1969). The district court adopted the magistrate judge's Recommendation and dismissed Hashman's complaint after Hashman failed to state a claim upon which relief could be granted. Under these circumstances, we hold that the district court did not abuse its discretion in not appointing counsel for Hashman.
 
 
 16
 III., IV., and V.
 
 
 17
 Hashman contends that the district court erred and violated his due process and equal protection rights and procedural due process rights by failing to conduct any hearings, by not reviewing all relevant and material information and evidence which was submitted and pertained to the case, and by denying the admittance of relevant evidence.
 
 
 18
 Hashman's complaint was dismissed for failure to state a claim upon which relief could be granted. As such, the district court did not violate Hashman's due process and equal protection rights or procedural due process rights by declining to conduct further proceedings.
 
 AFFIRMED
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----