59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy NEESE, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 Nos. 94-7070, 94-7086.
 D.C. No. CIV-93-211-S.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 In No. 94-7070 defendant Timothy Neese appeals pro se from the denial of his 28 U.S.C. 2255 motion to vacate, set aside or correct his sentence. He raised three issues in his motion:
 
 
 3
 (1) the district court improperly computed his sentence by attributing to him drug quantities that were delivered by a codefendant, (2) his offense level was improperly increased for possession of a firearm, and (3) his Fifth Amendment rights were violated because of his testimony at a codefendant's trial under the circumstances that his guilty plea was later withdrawn.[2] We grant the government's motion to supplement the record and affirm.
 
 
 4
 Defendant entered into a plea agreement and pleaded guilty to two counts of distributing methamphetamine, in violation of 21 U.S.C. 841(a)(1). Before sentencing, he testified at a codefendant's trial, making statements that were inconsistent with those he made during his guilty plea. The guilty plea was thereafter withdrawn and defendant was tried on the original complaint. He was convicted of one count of drug conspiracy, in violation of 21 U.S.C. 846, and one count of distributing methamphetamine, in violation of 21 U.S.C. 841(a)(1). Those convictions were affirmed on appeal. United States v. Neese, No. 91-7091, 1992 WL 112248 (10th Cir. May 26, 1992), cert. denied, 113 S.Ct. 386 (1992).
 
 
 5
 The first two issues defendant raises were considered and decided against him in his direct criminal appeal. A defendant may not collaterally attack in a 28 U.S.C. 2255 motion issues that were determined in a direct appeal, absent an intervening change in the law. United States v. Prichard, 875 F.2d 789, 791 (10th Cir.1989). Defendant asserts that recent amendments to the Sentencing Guidelines change the applicable law because coconspirator conduct should not be attributed to him, and therefore his sentence should be lowered. Defendant relies upon Application Note 4 of U.S.S.G. 5C1.2 which permits Guideline sentences below the statutorily mandated minimum in limited circumstances, as permitted by 18 U.S.C. 3553(f). This amendment predated defendant's trial and was in effect at the time of his earlier appeal. But more importantly, it does not apply because defendant was not given a mandatory minimum sentence.
 
 
 6
 The other issue defendant raises concerns an alleged Fifth Amendment violation stemming from his incriminating testimony against a codefendant pursuant to his plea agreement, under the circumstances that later his plea agreement was rescinded, his guilty plea withdrawn, and he had to stand trial. This issue could have been raised in defendant's direct appeal, but was not. Defendant is procedurally barred from pursuing in a 2255 motion any issues that could have been raised on direct appeal, absent showing of cause and prejudice. United States v. Wright, 43 F.3d 491, 496 (10th Cir.1994). Therefore, we may not consider it here absent a showing of cause and prejudice. Defendant makes no showing of cause or prejudice for not asserting this issue in his direct appeal.
 
 
 7
 In No. 94-7086 defendant appeals from the denial of his motion for appointment of appellate counsel which he filed contemporaneously with the filing of his notice of appeal in No. 94-7070. The only issue is whether the district court abused its discretion in refusing the appointment.
 
 
 8
 A 2255 motion is a civil action, and a defendant is only entitled to counsel when an evidentiary hearing is needed. Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir.1994). The district court did not order an evidentiary hearing in ruling on defendant's 2255 motion. Based upon our reading of the record and our disposition of the appeal in No. 94-7070, we conclude the district court did not abuse its discretion in refusing to appoint appellate counsel for defendant. Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988).
 
 
 9
 AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant argues additional issues in his appellate brief which we do not consider because they were not raised in his 2255 motion or otherwise considered by the district court. See United States v. Allen, 16 F.3d 377, 379 (10th Cir.1994)