■ CHANNEL MASTER CORPORATION, Appellant, v. ALUMINIUM LIMITED SALES, INC., Respondent.— Appeal from an order of the Supreme Court, Special Term, Ulster County, which granted defendant's motion to dismiss the complaint in an action for fraud. The complaint alleges: " 4. In or about the month of April, 1954 the defendant represented to the plaintiff that its aluminum supply and productive capacity were adequate for all of plaintiff's requirement of aluminum ingot, and that it had available for allocation to plaintiff aluminum and productive capacity thereof which was not committed to other customers in quantities adequate to supply to the plaintiff 400,000 pounds of aluminum ingot and more each and every month." There follow allegations of the necessary elements of an action for fraud. It is further alleged that, in reliance upon the representations, plaintiff committed the greater part of its requirements to defendant, refrained from seeking or securing other sources of supply, curtailed its orders from other suppliers, and, finally, that defendant failed to supply any aluminum to plaintiff after June, 1955 and that plaintiff has been unable to secure adequate supplies elsewhere and, in consequence, has been damaged. It seems to be conceded that no contractual obligations ever existed as between the parties whereby defendant was obligated to sell, or plaintiff to purchase, any aluminum. It is fundamental that representations are not actionable if they are promissory in nature or relate merely to future expectations. (*Adams* v. *Clark*, 239 N. Y. 403.) The conclusion that the representations here alleged must thus be classified seems to us inescapable. Representations as to supply, productive capacity and sales commitments may relate, when standing alone, to existing facts but here it is alleged that the uncommitted capacity and supply were represented to be adequate to supply to plaintiff a specified quantity *each and every month,* apparently for an unlimited period in the future. Thus read in context, the representations constitute predictions or expressions of future expectations or, in the alternative, statements promissory in nature insofar as they imply an engagement or intention to maintain, for plaintiff's benefit, uncommitted capacity and supply at the level specified. This conclusion is confirmed by other allegations from which it clearly appears that plaintiff's damage was sustained by defendant's failure to supply aluminum " subsequent to June, 1955 ", some 14 months after the representations were made. Thus the representations pleaded are beyond the ambit of the rule which recognizes statements of present intent as factual and, in proper cases, actionable. (*Adams* v. *Clark, supra*; *Deyo* v. *Hudson*, 225 N. Y. 602.) If every element of futurity were eliminated, grave doubt would still remain as to the theory of damage pleaded. Plaintiff's contention is that the misrepresentations induced it to refrain from seeking supplies elsewhere and we are asked to assume that otherwise plaintiff would, at that time, have established relations of some kind with other suppliers, so that 14 months later it would not have suffered from what its brief refers to as the scarcity of supplies upon the world market. It would appear unlikely that, under this theory, proof could be adduced which would not be objectionable as speculative and conjectural. However, we are unable at this juncture to determine, with finality, that a proper complaint cannot be framed and while we agree that the present complaint was properly dismissed, we consider that plaintiff should have been given leave to amend. Order modified by providing that plaintiff have leave to serve an amended complaint within 20 days after service of a copy of the order to be entered herein and notice of entry and, as so modified, affirmed, with $10 costs. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.