**William WEISS, Plaintiff–Appellant,**

v.

**Mark WITTCOFF, Edward Wittcoff, and Wittcoff Paper Co., Inc., Defendants–Appellees.**

**No. 1506, Docket 92–7185.**

United States Court of Appeals, Second Circuit.

Argued May 11, 1992.

Decided June 11, 1992.

Joseph F. Donley, New York City (Shereff, Friedman, Hoffman & Goodman, of counsel), for plaintiff-appellant William Weiss.

Evan L. Gordon, New York City (Bangser, Klein, Rocca & Blum, of counsel), for defendants-appellees Mark Wittcoff, Edward Wittcoff and Wittcoff Paper Co., Inc.

Before: FEINBERG, and CARDAMONE, Circuit Judges and LARIMER, District Judge.[1]

PER CURIAM:

This case arises out of an alleged violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("the Act"). Plaintiff appeals from an Order of the United States District Court for the Southern District of New York, Conboy, J., which dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) "for failure to properly and sufficiently allege loss causation." We reverse.

FACTS

The facts alleged in the complaint, which the court must accept as true for purposes of this appeal, are as follows. In 1988, plaintiff William Weiss ("Weiss") negotiated with defendants Mark Wittcoff and Edward Wittcoff ("the Wittcoffs") for the merger of Weiss's family-owned packaging business with the Wittcoff's business, Wittcoff Paper Co.

Weiss was seeking an arrangement that would assure a long, stable future for his company, and the Wittcoffs assured him that they could provide such a future. In particular, they allegedly promised Weiss that if he relocated his business to their building on Coffey Street in New York City and gave Mark Wittcoff a fifty percent share of Weiss's company, the Wittcoffs, through another company they owned named Mutual Paper, would provide Weiss's business with the goods and services it needed for as long as Mark Wittcoff remained a shareholder in Weiss's business.

Plaintiff alleges that in fact, however, the Wittcoffs had no intention of maintaining this arrangement for any length of time. The complaint alleges that the Wittcoffs were planning to sell Mutual in the near future, which would make it impossible for them to keep their end of the bargain.

In reliance on the Wittcoffs' promises, Weiss incorporated his business as W. Weiss Packaging Co. ("WPC") in September 1988. Weiss and Mark Wittcoff were each issued fifty percent of WPC's common stock.

In August 1989, the Wittcoffs sold Mutual, which shut down its operations at Coffey Street. The complaint alleges that, in violation of their contract with Weiss, the Wittcoffs also began manipulating WPC's financial affairs for their own benefit, which caused WPC to suffer losses. In addition, they started pressuring Weiss to resign, which he ultimately did on November 9, 1990. According to the complaint,

---

**1.** Honorable David G. Larimer, United States District Judge for the Western District of New York, sitting by designation.

the Wittcoffs have continued to run WPC, exploiting it for their own gain.

Weiss brought this suit in February 1991, alleging securities fraud in the issuance of WPC stock to Mark Wittcoff. Specifically, Weiss alleges that in violation of § 10(b) of the Act, the Wittcoffs made certain misrepresentations to him, in reliance upon which Weiss issued fifty percent of WPC's common stock to Mark Wittcoff. As a further result of defendants' fraudulent acts, Weiss claims, WPC has suffered severe losses, and the value of Weiss's own holdings in WPC has been greatly reduced. Weiss also asserts pendent claims for fraud, breach of fiduciary duty and conversion.

The district court stayed discovery pending decision on defendants' motion to dismiss. On December 30, 1991, the court issued a one-page order dismissing the complaint "for failure to properly and sufficiently allege loss causation." [2]

## DISCUSSION

■ A claim under § 10(b) of the Act requires a showing of both "transaction causation" and "loss causation." In other words, the plaintiff must show that the defendant's misrepresentations not only caused the plaintiff to engage in the transaction in question, but also that they caused the harm suffered. *Wilson v. Ruffa & Hanover, P.C.*, 844 F.2d 81, 85 (2d Cir.1988), *vacated on other grounds and aff'd on reconsideration, Wilson v. Saintine Exploration and Drilling Corp.*, 872 F.2d 1124 (2d Cir.1989); *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

While transaction causation requires only a "but for" allegation, *see Bennett v. United States Trust Co. of New York*, 770 F.2d 308, 314 (2d Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986), whether loss causation has been alleged turns upon a question of proximate cause: was the damage complained of a foreseeable result of the plaintiff's reliance on the fraudulent misrepresentation? *Marbury Mgmt., Inc. v. Kohn*, 629 F.2d 705, 708 (2d Cir.), *cert. denied, Wood Walker & Co. v. Marbury Mgmt., Inc.*, 449 U.S. 1011, 101 S.Ct. 566, 66 L.Ed.2d 469 (1980).

■ The facts alleged in the complaint in the case at bar adequately allege loss causation. Weiss contends that he transferred stock in WPC to Richard Wittcoff in reliance on the Wittcoffs' misrepresentations concerning their future actions. The complaint alleges that "as a result of the ... misrepresentations and omissions of the Wittcoffs, after approximately August 1989 WPC was saddled with increased costs that eliminated profits." Complaint ¶ 32. Thus, Weiss's loss—the devaluation of his own WPC stock—was clearly a proximate result of his reliance on defendants' promises, since defendants' failure to fulfill those promises foreseeably caused WPC's financial condition to deteriorate.

Defendants' argument that loss causation has not been alleged because the alleged misrepresentations related to future actions rather than to present conditions is not persuasive. *Channel Master Corp. v. Aluminum Ltd. Sales*, 2 A.D.2d 933, 156 N.Y.S.2d 585 (3d Dep't 1956), on which defendants heavily rely, is clearly distinguishable. For one thing, *Channel Master* was not a securities fraud case, but dealt with a contract to supply goods. Furthermore, although the court in *Channel Master* held that certain statements by the defendant concerning anticipated shipments to the plaintiff were not fraudulent, the court characterized those statements as mere "predictions or expressions of future expectations." *Id.* *Channel Master* therefore stands in sharp contrast to the instant case, which involves explicit promises to take specific future actions. In fact, the court in *Channel Master* observed that "statements of present *intent* [are] factual

**2.** The court gave Weiss fifteen days to file an amended complaint. Weiss did not do so, and appealed the dismissal order instead.

and, in proper cases, actionable." *Id.* (emphasis added).

In support of its holding that loss causation had not been alleged, the court below relied upon *Pross v. Katz,* 784 F.2d 455 (2d Cir.1986). This reliance was misplaced. *Pross* dealt not with loss causation, but with whether the alleged fraud occurred "in connection with the purchase or sale of a security" as required by § 10(b). *Pross* is therefore inapposite to the issue of loss causation.

Moreover, even if the District Court based its decision on the actual holding of *Pross,* dismissal of the complaint would be error. *Pross* specifically recognized that a "promise to perform a particular act in the future while secretly intending not to perform may violate Section 10(b) ... if the promise is part of the consideration for a sale of securities." *Id.* at 457. *Cf. A.T. Brod & Co. v. Perlow,* 375 F.2d 393, 395–97 (2d Cir.1967) (promise to purchase securities violated § 10(b) where customer's secret intention was to pay only if price of securities appreciated).

Here, according to the complaint, the alleged misrepresentations were an important inducement in persuading Weiss to part with his WPC stock, and defendants' scheme could not have been accomplished without the stock transfer. In addition, it was quite foreseeable that the consummation of defendants' secret intention not to perform their promises would cause Weiss to suffer a loss.

Although it remains to be seen whether Weiss can prove his allegations, the court's task on a Rule 12(b)(6) motion is not to rule on the merits of plaintiffs' claims, but to decide whether, presuming all factual allegations of the complaint to be true, and drawing all reasonable inferences in the plaintiff's favor, *Frazier v. Coughlin,* 850 F.2d 129 (2d Cir.1988), the plaintiff could prove any set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991). Under this standard, the complaint sufficiently states a cause of action and therefore its dismissal was error.

## CONCLUSION

The district court's order dismissing the complaint is reversed, and the case is remanded with directions to reinstate the complaint and to conduct further proceedings consistent with this opinion.