James A. JOHNSON, Sr.

v.

Larry R. MEACHUM, Correctional Officer Tilghman, Captain Barganier, Correctional Officer King, and Correctional Officer John Doe. (Two Cases)

Civ. Nos. 3:93–785 (JAC), 3:93–786 (JAC).

United States District Court,
D. Connecticut.

Dec. 15, 1993.

954

Donna J. Burpee, Legal Assistance to Prisoners, Hartford, CT, for plaintiff.

Robert F. Vacchelli, Asst. Atty. Gen., of the State of Connecticut, Hartford, CT, for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

JOSÉ A. CABRANES, Chief Judge:

The plaintiff is an inmate at the Connecticut Correctional Institution at Somers ("CCI Somers"). He brings these civil rights actions,[1] pursuant to 42 U.S.C. § 1983, against various state officials in both their individual and official capacities. The defendants include the Commissioner of Correction for the State of Connecticut, Larry Meachum; the former Warden of CCI Somers, Lawrence Tilghman; and several Correctional Officers at CCI Somers, including Captain Bargainer, Correctional Officer King, and an unnamed correctional officer, John Doe. Pending before the court is the defendants' Motion to Dismiss (filed Aug. 26, 1993).

## BACKGROUND

The plaintiff alleges in his Amended Complaint (filed Aug. 6, 1993) ("Complaint") that, on December 9, 1992, he was sexually assaulted by inmate David Kennett. The plaintiff further alleges that defendant King failed, on several occasions, to take corrective measures following the plaintiff's complaints regarding repeated sexual advances, threats, and assaults by other inmates; that defendant Barganier, upon placing the plaintiff in the same cell with Kennett, deliberately ignored a warning regarding Kennett's history of sexual assaults on other cell mates; that defendant Tilghman failed to place the plaintiff in protective custody in order to ensure the plaintiff's physical and mental safety and well-being; and that defendant Meachum failed to enact and enforce policies and procedures to protect the physical and mental health of inmates facing overt and explicit threats of physical and sexual abuse by other

---

1. The court consolidated these two actions on April 13, 1993. Inasmuch as the two actions are virtually identical, *Johnson v. Meachum, et al.,* Civil Action No. 3:93–786 (JAC), is now dismissed without prejudice—and without any effect on *Johnson v. Meachum, et al.,* Civil Action No. 3:93–785 (JAC)—in the interests of judicial economy.

inmates. According to the plaintiff, the defendants acted with deliberate indifference to the plaintiff's emotional and physical well-being, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

In their motion to dismiss, the defendants first maintain that the actions against them in their official capacities are barred by the Eleventh Amendment to the United States Constitution. They also contend that the state is not a "person" subject to liability under 42 U.S.C. § 1983.

The defendants further argue that the Complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). According to the defendants, defendants Tilghman and Meachum are included in this action merely because of their status as supervisors. The defendants assert, however, that personal liability under 42 U.S.C. § 1983 cannot be based upon a theory of *respondeat superior.* With regard to the defendants King and Barganier, the defendants argue that the plaintiff's allegations, even if treated as true, do not suffice to establish conduct which amounts to deliberate indifference to a known risk of serious harm to the plaintiff. The defendants also note that no factual allegations are stated against the unnamed defendant John Doe.

In addition, the defendants claim that neither King nor Barganier has been properly served.

Finally, the defendants assert that they are all shielded by their qualified, good faith immunity.

In response, the plaintiff first argues that the court, in construing the Complaint in the light most favorable to the plaintiff, should not dismiss these actions for failure to state a claim upon which relief can be granted. According to the plaintiff, he has presented what could be a viable claim of deliberate indifference. The plaintiff also contends that the actions against the defendants in their official capacities should not be dismissed as to any future injunctive relief.

## DISCUSSION

### I.

When considering a motion to dismiss the court accepts all factual allegations in the complaint as true and draws inferences from those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991). Dismissal is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Weiss v. Wittcoff,* 966 F.2d 109, 112 (2d Cir.1992). "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The question for this court to decide is "whether or not it appears to a certainty under existing laws that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." *Id.*

### II.

▆ The defendants first contend that the claims against them in their official capacities are barred by the Eleventh Amendment. This is certainly true with regard to any claims for monetary relief. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662, *reh'g denied,* 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974); *Minotti v. Lensink,* 798 F.2d 607, 609 (2d Cir.1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). Indeed, the plaintiff does not dispute this proposition. *See* Plaintiff's Memorandum in Opposition to Defendant's [sic] Motion to Dismiss (filed Oct. 29, 1993) (doc. # 30), at 6.

▆ The Eleventh Amendment, however, does not prevent federal courts from granting prospective injunctive relief against state officials on the basis of federal claims. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441,

52 L.Ed. 714 (1908); *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425, 88 L.Ed.2d 371 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 900, 88 L.Ed.2d 933 (1986); *Minotti,* 798 F.2d at 609. The defendants correctly assert that the state is not a "person" for the purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70–73, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (*citing Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985); *Kentucky v. Graham,* 473 U.S. at 165–66, 105 S.Ct. at 3104–05; and *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). However, when a state official is sued for *injunctive* relief in his or her official capacity, such an official is a person under Section 1983 because "official-capacity actions for prospective relief are *not* treated as actions against the state." *Will v. Michigan Dept. of State Police,* 491 U.S. at 70 n. 10, 109 S.Ct. at 2312 n. 10 (*quoting Kentucky v. Graham,* 473 U.S. at 167 n. 14, 105 S.Ct. at 3106 n. 14; *Ex parte Young,* 209 U.S. at 159–60, 28 S.Ct. at 453–54) (emphasis supplied).

Accordingly, while the Eleventh Amendment compels dismissal of the plaintiff's request for monetary relief against the defendants in their official capacities, it does not bar prospective injunctive relief against the defendants in their official capacities.

■ Nor does the Eleventh Amendment preclude a monetary award against the defendants in their *individual* capacities. *See generally Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).[2] Indeed, the defendants nowhere suggest the contrary. Accordingly, the plaintiff's claims are dismissed only to the extent such claims seek monetary relief from the defendants in their official capacities.

### III.

The defendants next argue that the Complaint should be dismissed in any event pursuant to Fed.R.Civ.P. 12(b)(6) for failure to

state a claim upon which relief can be granted.

### A.

■ With regard to defendants Tilghman and Meachum, the question presented is whether the Complaint sufficiently alleges their personal participation in the alleged constitutional wrong. Our Court of Appeals has repeatedly held that, when monetary damages are sought under Section 1983, the general doctrine of *respondeat superior* does not suffice. Rather, the plaintiff must allege some direct personal responsibility or involvement. *See Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987); *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987); *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986); *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.) (Friendly, J.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

■ A defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 in several ways. *Williams,* 781 F.2d at 323. First, the defendant may have directly participated in the infraction. Second, a supervisory official, after learning of the violation, may have failed to remedy the wrong. Third, a supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue. Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event. *Id.* at 323–24 (citations omitted).

■ While the plaintiff's allegations with regard to Tilghman and Meachum may seem tenuous, it is at least remotely possible that the plaintiff can sustain a viable claim of personal involvement based on one or more of these theories—with the exception, of course, of direct participation.

Viewing the inferences to be drawn from the Complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes,* 416 U.S.

---

**2.** *Monroe* was overturned by *Monell,* but only insofar as *Monroe* held that municipalities were

not "persons" under Section 1983, an issue which has no relevance here.

at 236, 94 S.Ct. at 1686; *LaBounty v. Adler,* 933 F.2d at 123, the court cannot, at this early juncture, conclude "beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102; *Weiss v. Wittcoff,* 966 F.2d at 112. To reiterate, the question is not whether the plaintiff's success on the merits is likely, but rather whether the plaintiff is entitled to proceed beyond the threshold in attempting to establish his claims. *De La Cruz v. Tormey,* 582 F.2d at 48. Under the circumstances presented, the court finds that he is.

Accordingly, the defendants' motion to dismiss the plaintiff's claims against Tilghman and Meachum must be denied. Nothing in this ruling, however, prevents the defendants from revisiting this issue after discovery on a motion for summary judgment.

### B.

█ With regard to defendants King and Barganier, the defendants' motion to dismiss must clearly fail. Viewing the facts alleged in the Complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686; *LaBounty v. Adler,* 933 F.2d at 123, the court cannot determine, at this preliminary stage of the litigation, that the plaintiff's claims against King and Barganier have no merit.

The Supreme Court has held that the Eighth Amendment "proscribes more than physically barbarous punishments." *Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) (citations omitted), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). Rather, the Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency...." *Id.* (citations and internal quotation marks omitted). Accordingly, the Court has recognized that the Eighth Amendment must be assessed in accordance with "the evolving standards of decency that mark the progress of a maturing society." *Id.* (citations and internal quotation marks omitted).

More particularly, our Court of Appeals has stated that "[t]he failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment." *Ayers v. Coughlin,* 780 F.2d 205, 209 (2d Cir.1985) (per curiam).

This proposition is confirmed by the law of other Circuits. *See Falls v. Nesbitt,* 966 F.2d 375, 377 (8th Cir.1992) ("[s]ince *Estelle,* the Eighth Amendment has evolved to include a prisoner's right to be protected from harm by fellow inmates"); *Duane v. Lane,* 959 F.2d 673, 676 (7th Cir.1992) ("[t]he Eighth Amendment requires the state to protect prisoners from each other") (citations omitted); *Blankenship v. Meachum,* 840 F.2d 741, 742 (10th Cir.1988) (per curiam) ("[t]he failure of prison officials to protect an inmate from attacks by other inmates may rise to the level of an Eighth Amendment violation"); *Morgan v. District of Columbia,* 824 F.2d 1049, 1057 (D.C.Cir.1987) ("a prisoner has a constitutional right to be protected from the unreasonable threat of violence from his fellow inmates"); *Pressly v. Hutto,* 816 F.2d 977, 979 (4th Cir.1987) ("[t]he eighth amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm") (citations omitted); *Streeter v. Hopper,* 618 F.2d 1178, 1182 (5th Cir.1980) ("[t]he state has a responsibility under the Eighth Amendment to protect the safety of its prisoners"); and *Leonardo v. Moran,* 611 F.2d 397, 398–99 (1st Cir.1979) ("[p]rison officials have a duty under the 8th and 14th amendments to protect prisoners from violence at the hands of other prisoners").

Here, the plaintiff has alleged that he repeatedly complained to King of various incidents of sexual harassment by other inmates and that King made absolutely no attempt to remedy the situation. The plaintiff has also alleged that Barganier was specifically aware of the danger of placing the plaintiff with Kennett, whose alleged rape of the plaintiff precipitated these actions. Finally, the plaintiff has explicitly alleged that the defendants acted with deliberate indifference to-

wards his physical safety and emotional well-being.

On this record, the defendants cannot demonstrate beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102; *Weiss v. Wittcoff,* 966 F.2d at 112. Accordingly, the court finds that the plaintiff has adequately stated a claim under Section 1983. The defendants' motion to dismiss the plaintiff's Section 1983 claim against King and Barganier must therefore be denied.

### C.

Finally, with regard to the unnamed defendant John Doe, the court is at a loss to find any factual allegations in the Complaint which even mention this defendant. Accordingly, any claim against this defendant must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

### IV.

■ The defendants next argue, and the plaintiff nowhere disputes, that King and Barganier have not been personally served. In the absence of anything in the record to the contrary, the plaintiff's claims against these defendants must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(4) for insufficiency of process, without prejudice.

### V.

■ Finally, each of the defendants claims that he is protected by qualified immunity. Generally, government officials performing discretionary functions are accorded qualified immunity and thereby shielded from civil damages liability insofar as they do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), or "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated," *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). In short, quali-

fied immunity is defined in terms of the "objective legal reasonableness of an official's acts." *Harlow,* 457 U.S. at 819, 102 S.Ct. at 2739.

■ Under the circumstances presented here, the defendants' invocation of qualified immunity—at least at this early phase of the litigation—is unavailing. The cases cited above, *see* Part III.B., *supra,* suggest that the plaintiff's right not to be subjected to sexual assault by other inmates as a result of the defendants' deliberate indifference to his physical safety and emotional well-being was in fact a clearly established constitutional right at the time in question. These cases further suggest that the defendants could not have reasonably believed that conduct of the sort alleged by the plaintiff constituted an exception to this clearly established right.

As a result, it appears, at this preliminary juncture, that the defendants cannot shield themselves with qualified immunity exclusively as a matter of law. *See Golino v. City of New Haven,* 761 F.Supp. 962, 971 (D.Conn.), *aff'd,* 950 F.2d 864 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992). Whether the defendants can establish that their alleged conduct was nevertheless "objectively reasonable" is a question which "has its principal focus on the particular facts of the case." *Golino,* 761 F.Supp. at 971 (*quoting Robison v. Via,* 821 F.2d 913, 921 (2d Cir.1987)). On a motion to dismiss, where the court has no factual record before it, resolution of this issue is not appropriate.

Accordingly, the defendants' motion to dismiss—insofar as it is based on a theory of qualified immunity—must be denied, without prejudice to a claim of qualified immunity on the basis of a more complete record.

### CONCLUSION

Based on the record and for the reasons stated above, it is hereby ORDERED that:

1. *Johnson v. Meachum, et al.,* Civil Action No. 3:93–786 (JAC) is hereby DISMISSED without prejudice, without costs to any party, and without any effect on *Johnson v. Meachum, et al.,* Civil Action No. 3:93–785 (JAC). The Clerk shall CLOSE *Johnson v.*

*Meachum, et al.,* Civil Action No. 3:93–786 (JAC).

2. The defendants' Motion to Dismiss (filed Aug. 26, 1993) (doc. # 23) is hereby GRANTED in part and DENIED in part in accordance with this Ruling.

To summarize:

(1) Pursuant to the Eleventh Amendment, the defendants' motion to dismiss the plaintiff's claims—to the extent that such claims seek monetary relief from the defendants in their official capacities—is hereby GRANTED. Such claims are therefore DISMISSED with prejudice.

(2) However, the defendants' motion to dismiss the plaintiff's claims—to the extent that such claims seek injunctive relief, or monetary relief against the defendants in their individual capacities—is hereby DENIED.

(3) The defendants' motion to dismiss the plaintiff's claims against the defendants Tilghman and Meachum is hereby DENIED.

(4) The defendants' motion to dismiss the plaintiff's claim against the unnamed defendant John Doe is hereby GRANTED. That claim is therefore DISMISSED, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

(5) The plaintiff's claims against the defendants King and Barganier are hereby DISMISSED, pursuant to Fed.R.Civ.P. 12(b)(4) for insufficiency of process, without prejudice.

(6) The defendants' motion to dismiss—to the extent that such motion is grounded on a theory of qualified immunity—is hereby DENIED, without prejudice to a claim of qualified immunity on the basis of a more complete record.

It is so ordered.