Akhtar K. ABBASI, Plaintiff,

v.

HERZFELD & RUBIN, P.C., Defendant.

No. 94 Civ. 2809 (RLC).

United States District Court,
S.D. New York.

Sept. 7, 1994.

the termination of his employment by defendant Herzfeld and Rubin. Although his complaint was not clear as to the federal statutes allegedly violated, plaintiff more explicitly alleges in his Memorandum of Law [in Opposition to Defendant's Motion to Dismiss] that defendant wrongfully terminated him in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. (1993 Supp.), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (1985) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1993 Supp.), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). Plaintiff also makes out a claim for fraud. Inasmuch as plaintiff states that these are the only claims that he is asserting, the court need not address issues related to a claim for breach of contract, as suggested by defendant and the face of the complaint itself.

## I.

Plaintiff is a 65 year-old Pakistani native who currently resides in the United States. On or about January 11, 1991, plaintiff was hired as a paralegal by defendant Herzfeld and Rubin, a law firm located in New York City. During the course of his employment plaintiff alleges that attorney Jeffrey Golkin, who supervised his work, commended him on his performance and expressly stated that he could remain with the firm for as long as he wished. Plaintiff also claims that due to his superior performance he was given two annual raises.

On or about February 20, 1993, plaintiff suffered a minor stroke. Thereafter he remained absent from work on sick leave for two weeks and, upon his return, was laid off by defendant. Plaintiff maintains that defendant told him that "his employment was being terminated because his health would not permit him to take the stress of his job functions." (Compl. at 5.) Subsequent to his discharge, plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission, which in turn issued to him a notice of right to sue defendant. As a defense to plaintiff's discrimination charge, defendant alleged that plaintiff's employment was terminated due to his unsatisfactory per-

Anis A. Siddiqi, Brooklyn, NY, for plaintiff.

Herzfeld & Rubin, P.C., New York City, for defendant; Mark D. Rosenzweig and Pamela L. Kleinberg, of counsel.

### *OPINION*

ROBERT L. CARTER, District Judge.

Defendant Herzfeld and Rubin, P.C. ("Herzfeld and Rubin") moves to dismiss the complaint filed by plaintiff Akhtar K. Abbasi pursuant to Rules 9(b) and 12(b)(6), F.R.Civ. P., on the ground that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff opposes this motion and cross-moves for sanctions under Rule 11, F.R.Civ. P., arguing that defendant's motion to dismiss is without merit.

Plaintiff filed this action in order to recover damages and other relief stemming from

formance throughout the entire tenure of his employment. (*Id.*)

## II.

In deciding a motion to dismiss under Rule 12(b)(6), F.R.Civ.P., the court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial, and in order to prevail, the moving party must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court assumes the truth of the allegations set forth in the complaint and draws all inferences in favor of the pleader. *See Karasyk v. Marc Commodities Corp.,* 770 F.Supp. 824, 829 (S.D.N.Y.1991) (Haight, J.) (citing cases). However, conclusory allegations that fail to give a defendant notice of the material elements of a claim are insufficient as a matter of law to state a claim. *Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y.1987) (Carter, J.)

As noted in his Memorandum of Law, plaintiff alleges disability-based, age and race discrimination. Although the complaint was drafted by plaintiff's counsel, it is deficient in that it fails to state facts sufficient to apprise defendant or the court of plaintiff's claims. Therefore, the complaint must be dismissed. However, in order to avoid future futile amendments, a review of the complaint's substantive deficiencies is appropriate at this time.

Title I of the ADA prohibits discrimination by certain private employers against qualified individuals with disabilities because of such disability in the terms, conditions and privileges of employment. 42 U.S.C. § 12112. Under the Act "disability" is defined as the following:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102. A qualified individual with a disability is defined as an individual who, "with or without reasonable accommodation, can perform essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Thus, in order to state a claim under the ADA a plaintiff must at least allege that he is a qualified individual who suffers from a disability and that he was terminated from his position due to this disability.[1]

Although plaintiff alleges that he was terminated from his paralegal position due to his health, he has failed to allege that he is a "qualified individual with a disability" or that he even suffers from a disability. Indeed, plaintiff does not describe the nature and extent of his alleged disability any where in the complaint. Rather, plaintiff merely alleges that he "became sick and disabled for a temporary duration." (Compl. at 5.) Because plaintiff has not demonstrated that he is "qualified individual with a disability" within the Act such that he is entitled to relief, his claim of disability-based discrimination must be dismissed.

Plaintiff also maintains that he is alleging a cause of action under the ADEA, 29 U.S.C. § 621 et seq., which makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). In

---

1. The ADA was modeled in part after the Federal Rehabilitation Act of 1973, as amended 29 U.S.C. §§ 791 and 794(a), which forbids discrimination against individuals employed by the federal government, government contractors and recipients of federal assistance. *See* 1990 U.S.C.C.A.N., *Legislative History P.L. 101–336* [American With Disabilities Act] at 337–366. Thus, cases brought under the Rehabilitation Act are instructive with respect to the ADA. *See Eric L. By and Through* *Schierberl v. Bird,* 848 F.Supp. 303, 314 (D.N.H. 1994). *EEOC v. AIC Sec. Investigation,* 820 F.Supp. 1060 (N.D.Ill.1993). In order to make out a claim of discrimination under the Rehabilitation Act, a plaintiff must establish that: (1) he suffers from a handicapping position; (2) that he is qualified for the position in spite of his handicap; and (3) that he was terminated from the position solely because of his handicap. *Gallagher v. Catto,* 778 F.Supp. 570, 577 (D.D.C.1991).

order to state a discrimination claim under the ADEA, a plaintiff must show that he or she: (1) is a member of a protected age group; (2) was qualified for his or her job; and (3) was discharged under circumstances that give rise to an inference of discrimination. *Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399 (2d Cir.1985).

■ In the instant case plaintiff, who presumably was 64 years old at the time of his discharge, satisfies the first requirement of the Act, which covers employees between the ages of 40 and 70. *See* 29 U.S.C. § 631. In addition, plaintiff's allegation that he was regularly commended for his work up until the time of his discharge supports the second requirement that he was qualified for his job. However no where in his complaint does plaintiff allege facts relating to a possible causal relationship between his discharge and his age. Consequently, because there can be no inference of age discrimination, the claim must be dismissed pursuant to Rule 12(b)(6), F.R.Civ.P.

■ Similarly, plaintiff's claim that defendant's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., must also be dismissed due to plaintiff's failure to adequately allege facts to support that claim. Under Title VII it is an unlawful employment practice for any employer to "fail or refuse to hire or to discharge any individual ... with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1). Other than stating that he is a Pakistani native, plaintiff does not allege that his discharge was motivated by his national origin or any other basis prohibited under the Act. Thus, due to his failure to state sufficient facts to support his claim that his discharge violated Title VII, it too must be dismissed.

Lastly, plaintiff maintains that defendant's conduct was fraudulent and deceitful in that it failed to give him notice of his unsatisfactory work performance before firing him, which in turn gave him a false sense of security. The basic allegations of plaintiff's fraud claim are set forth in the complaint's fourth and fifth claims for relief. These sec-

tions basically restate plaintiff's allegations that defendant told him that he could work indefinitely if his work remained satisfactory, that plaintiff was an above average worker, and that defendant deceived plaintiff by failing to provide him with warnings or notice that his performance was unsatisfactory.

■ Rule 9(b), F.R.Civ.P. mandates that a complaint "adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). Moreover, although averments of fraud may be averred generally, Rule 9(b) nevertheless dictates that a complaint allege facts which give rise to a strong inference that the defendant possessed the requisite fraudulent intent. *Id.* at 12–13.

Plaintiff's allegations are not sufficient to meet the requirements of Rule 9(b), F.R.Civ.P. For one thing, though plaintiff alleges that defendant was deceitful in failing to give him notice of his unsatisfactory performance, he gives no details as to the particulars of this claim. In addition, plaintiff has not stated any facts establishing that defendant had the requisite intent to deceive him. Therefore, due to these deficiencies, plaintiff's fraud claim also must be dismissed.

## *Conclusion*

For the above stated reasons, defendant's motion to dismiss the complaint under Rules 9(b) and 12(b)(6), F.R.Civ.P. is granted. Plaintiff is given leave until October 7, 1994 to file an amended complaint. As there is no basis for plaintiff's motion for sanctions under Rule 11, F.R.Civ.P., it is dismissed.

**IT IS SO ORDERED.**