Lynn S. JOWERS, Plaintiff,

v.

LAKESIDE FAMILY AND CHILDREN'S SERVICES, Defendant.

No. 06 CV 898(CM).

United States District Court, S.D. New York.

June 8, 2006.

Lynn S. Jowers, New York City, Pro se.

Joseph Michael Martin, Jackson Lewis LLP, White Plains, NY, for Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S CROSS–MOTION TO DISMISS DEFENDANT'S MOTION.

MCMAHON, District Judge.

### Introduction

Plaintiff Lynn Jowers alleges that he was wrongfully terminated from his position at Lakeside Family and Children's Services due to discrimination based on his medical condition of atrial fibrillation. Jowers filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") more than two years after the date of his termination, not meeting the rule that EEOC complaints must be filed within 300 days of one's alleged wrongful termination.

Lakeside filed a motion to dismiss Jowers' complaint, and Jowers filed a cross-motion, *pro se*, to "dismiss" Lakeside's motion. For the reasons stated below, Lakeside's motion is granted and the complaint is dismissed.

### Facts

Lynn Jowers was employed by Lakeside Family and Children's Services from December 1, 1997 until August 1, 2003 as an Independent Living Coordinator. Affir-

mation of Joseph M. Martin, Esq. In Support of Defendant' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Martin Aff."), Exhibit A (unenumerated work papers). He received good to outstanding performance evaluations. *Id.* Plaintiff remained employed and in good standing with the Defendant until September 12, 2002, when he was placed on a 90–day temporary probation. *Jowers v. Lakeside Family and Children Services,* No. 03 Civ. 8730, 2005 WL 3134019, at * 1 (S.D.N.Y. Nov. 22, 2005). When Plaintiff returned, he was transferred to a different work location without a salary reduction or change in job title. *Id.*

In January 2003, Plaintiff was diagnosed with atrial fibrillation of the heart. His condition was confirmed by letters from Keith Lawes, D.O. of St. Barnabas Hospital. Martin Aff. Exhibit A. Plaintiff was unable to work from February 1, 2003 to June 24, 2003. *Id.*

In March, 2003, while Plaintiff was on leave, Defendant instituted a fingerprinting policy, which applied to all staff members. *Jowers,* 2005 WL 3134019, at *1. Plaintiff was not fingerprinted until he returned to work. *Id.*

When Plaintiff came back to work after his February–June, 2003 medical leave, he filed his first complaint with the EEOC, asserting that he had been placed on probation and transferred within his workplace because of his race, color, and gender. *Id.* On July 3, 2003, Plaintiff received a "right to sue" letter from the EEOC. *Id.*

Upon his return to work Plaintiff was also fingerprinted, pursuant to Defendant's policy instituted in March, 2003. *Id.* On or about August 1, 2003 Defendant learned that the Plaintiff's fingerprint analysis and criminal background check showed that

Plaintiff had been arrested on January 1, 1996, for sale of a controlled substance on or near school grounds, a charge to which he pled guilty. *Id.* Plaintiff was discharged from work on August 1, 2003. Martin Aff. Exhibit A (un-enumerated facts of case). Plaintiff's supervisor informed him that he was discharged because he lied on his employment application regarding his criminal background. *Id.* Plaintiff believes, however, that his heart condition and disability related absence "played a big role" in his discharge. *Id.*

On August 28, 2003 Plaintiff brought an action against the Defendant, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 based on his June, 2003 EEOC complaint and received a right to sue letter. *See Jowers,* 2005 WL 3134019. Lakeside's motion for summary judgment for Defendant's motion was granted and Plaintiff's causes of action were dismissed. *Id.* at \*2. Magistrate Judge Smith found that, "the Defendant's termination of the Plaintiff was in response to the Plaintiff's falsified employment action, and not a guise for discrimination," and "Plaintiff has thus failed to establish a genuine issue of material fact that the Plaintiff endured a hostile and abusive workplace environment." *Id.* at \*8, \*10.

Magistrate Judge Smith's decision in favor of Lakeside was filed on November 22, 2005. It was not until December 6, 2005, that Plaintiff filed his second complaint (No. 160–2006–00958) with the EEOC, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"). Martin Aff. Exhibit A (un-enumerated complaint). Plaintiff's EEOC Charge was dismissed on December 18, 2005 for failure to file a

timely charge within 300 days of the alleged wrongful termination. Martin Aff. Exhibit B (un-enumerated "Dismissal and Notice of Rights"). Plaintiff argues that he did not file the complaint in a timely manner because he did not know that termination based on disability was discriminatory until he participated in a Workers' Compensation hearing with the Defendant. Plaintiff's Affidavit in Opposition to Motion and Support of the Cross–Motion ("Pl. Aff.") ¶ 4.

On or about January 11, 2006, Plaintiff initiated this action by filing the present Complaint in the United States District Court for the Southern District of New York. Martin Aff. Exhibit A. Defendant now moves to dismiss Plaintiff's complaint.[1]

## Discussion

*Standard of Review*

▮▮▮ "A motion to dismiss on statute of limitations grounds is property viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Marbi Corp. of New York v. Puhekker,* 9 F. Supp 2d 425, 426 (S.D.N.Y.1998), citing *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989). "A complaint may be properly dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54 (2d Cir.1985) quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citations omitted). Upon a 12(b)(6) motion all factual allegations in the complaint must be "taken as true and construed favorably on the plaintiff." *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991) (ci-

---

1. Plaintiff filed a Motion to dismiss Defendant's Motion and an affidavit in Opposition to the Defendant's Motion to Dismiss and in support of the cross-motion.

tations omitted). "However, conclusory allegations that fail to give a Defendant notice of the material elements of a claim are insufficient as a matter of law to state a claim." *Abbasi v. Herzfeld & Rubin*, 863 F.Supp. 144, 146 (S.D.N.Y.1994) (citations omitted). A complaint can be dismissed for failure to state a claim only if the plaintiff is unable to prove a set of facts beyond a reasonable doubt to support the claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Weiss v. Wittcoff*, 966 F.2d 109, 112 (2d Cir.1992).

### Defendant's Motion to Dismiss

For the reasons set forth below, Defendant's Motion to dismiss Plaintiff's Complaint is granted.

██ To sustain a cause of action under the ADA, a Plaintiff must file a charge with the EEOC within 300 days of the allegedly discriminatory act. 29 U.S.C. § 626(d) (ADEA); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n. 1 (2d Cir.2000); *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993); *see also Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74 (2d Cir.2003). This 300–day period acts as a statute of limitations. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998). In light of this, courts have upheld decisions to dismiss Plaintiffs' claims where the Plaintiff has failed to file his EEOC charge within 300 days. *See, e.g., Zerilli–Edelglass*, 333 F.3d 74. The 300–day period is absolute and courts are reluctant to allow tolling of this statute except in extraordinary circumstances.

██ Courts have applied the tolling doctrine where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion. *Zerilli–Edelglass*, 333 F.3d 74 at 80 (citations omitted). In deciding whether tolling is applicable, a district court must consider whether the person seeking tolling of the statute "acted with reasonable diligence during the time period she seeks to have tolled" and "has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.*

██ In his Complaint, Plaintiff alleged that his disability played a role in Defendant's decision to terminate him on August 1, 2003, but he did not file a complaint until December 6, 2005, more than two years after the alleged discriminatory termination. *Id.* Plaintiff's allegation that he was late in filing his complaint because he did not know his termination was discriminatory before attending the Workers' Compensation Hearing is not sufficient to require tolling, as the old saw says, ignorance of the law is no excuse. Moreover, Plaintiff was clearly familiar with the complaint filing process, since he filed a previous EEOC complaint in 2003. None of the tolling exceptions apply to this Plaintiff, in particular, Plaintiff himself admits that his lack of awareness about the ADA is not the product of any misleading conduct on the Defendant's part. Therefore, Plaintiff's Complaint is dismissed with prejudice as time-barred.

### Conclusion

For the reasons stated above, Defendant's motion for dismissal of Plaintiff's claim is granted under Rule 12(b)(1), and Plaintiff's cross-motion for dismissal of Defendant's motion is denied.

This decision constitutes the decision and order of the court.