**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM STEVEN LANGMADE,

    Plaintiff-Appellant,

v.

DENVER POLICE DEPARTMENT;
BOULDER POLICE DEPARTMENT;
BOULDER SHELTER FOR THE
HOMELESS; DENVER HEALTH
HOSPITAL,

    Defendants-Appellees.

No. 08-1017

(D.C. No. 07-cv-2287-ZLW-BNB)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

William Langmade appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 civil rights action. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

The central allegation in Mr. Langmade's complaint is that he was sexually assaulted in his sleep while staying at the Boulder Shelter for the Homeless. He repeatedly claims that a Denver police officer "used his position" to engineer the assault by rendering him unconscious and enlisting the aid and participation of other public officials. Mr. Langmade commenced this civil rights action on October 30, 2007, seeking money damages and a court ordered CAT scan and Cystoscopy. The magistrate judge found the complaint vague and conclusory, and directed Mr. Langmade to file an amended complaint that complied with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. He appealed this order, which we dismissed for lack of jurisdiction. Mr. Langmade simultaneously filed an amended complaint in the district court. After reviewing the complaint, the court found:

> Mr. Langmade's vague and conclusory references to the individuals and entities he believes committed the alleged sexual assault do not satisfy the pleading requirements of Fed. R. Civ. P. 8(a). In addition, he fails to allege facts demonstrating that each named Defendant was acting under color of state law. Merely making vague and conclusory allegations that his rights have been violated does not entitle a pro se pleader to a day in court, regardless of how liberally the court construes such pleadings.
> . . .
> The burden Mr. Langmade places upon Defendants and the Court to identify, interpret, and respond to his specific claims is unreasonable. In short, the Court is unable to determine why Mr. Langmade has filed this action against these Defendants in this Court.

Order at 5-6 (citations omitted).  The court then dismissed the complaint without prejudice.

We review the district court's decision to dismiss Mr. Langmade's action without prejudice for failure to comply with Rule 8(a) for an abuse of discretion.  See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).  We have reviewed the record on appeal and conclude that the district court did not abuse its discretion in dismissing this complaint.  Mr. Langmade's arguments on appeal essentially repeat the same conclusory allegations dismissed by the district court, providing no further clarification or indication of their plausibility.  The district court's dismissal of the complaint is therefore AFFIRMED for substantially the same reasons stated in the court's order filed January 9, 2008.  Mr. Langmade's motion to proceed in forma pauperis is GRANTED.

Entered for the Court,


Mary Beck Briscoe
Circuit Judge