**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| CHARLIE JAMES GRIFFIN, JR., | |
| Plaintiff - Appellant, | No. 08-1008 |
| v. | (D. Colorado) |
| MR. JOE ORTIZ, Director of Correction; MR. JAMES ABBOTT, Warden of C.T.C.F.; MR. JOHN SUTHERS, Attorney General; MR. ALLEN F. STANLEY, Chairman; MR. CURTIS W. DEVIN, Vice Chairman; MRS. DEBORAH C. ALLEN; MR. MATTHEW J. RHODES; MR. JOHN B. ROSEN; MRS. SHARON BARTLETT, | (D.C. No. 1:07-CV-00179-MSK-MJW) |
| Defendants - Appellees. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Charles James Griffin Jr. appeals the district court's denial of relief on his claims under 42 U.S.C. § 1983. We hold that his notice of appeal was too late to challenge the summary judgment against him; and his postjudgment motion, which we construe as a motion under Fed. R. Civ. P. 60(b), was properly denied by the district court.

## I.   BACKGROUND

After being convicted in 1998 in Colorado state court on a charge of second-degree assault, Mr. Griffin was sentenced to the custody of the Colorado Department of Corrections (CDOC) to serve a six-year prison sentence, to be followed by three years of mandatory parole. On February 27, 2003, he was released to serve his parole term. On April 7, 2003, however, his parole was revoked and he was returned to the custody of the CDOC for the remainder of his mandatory parole period. He was discharged from the CDOC on February 27, 2006.

On January 24, 2007, Mr. Griffin filed a § 1983 complaint in the United States District Court for the District of Colorado against various Colorado officials, alleging that his imprisonment violated the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. On May 7 and June 7 the defendants filed motions for summary judgment, but he failed to file a response. On July 11 the district court granted summary judgment in favor of the defendants. It construed the complaint as asserting (a) "a claim for false

imprisonment in violation of the Fourth Amendment based upon [Mr. Griffin's] 6 year prison sentence and subsequent 3-year term of imprisonment following the revocation of his parole"; and (b) "a claim that he was wrongfully denied parole in violation of the Due Process Clause." R. Doc. 30 at 3. The court ruled that Mr. Griffin had not presented any evidence in support of his claims, that he had been lawfully imprisoned under his Colorado conviction, that his parole had been revoked because of a violation of the terms of his parole, and that he did not have a federal constitutional right to parole. Judgment was entered the same day.

On September 5 Mr. Griffin filed a "Motion to Set Aside or Reconsider Judgment," R. Doc. 32, contending that the district court had not informed him that he needed to respond to the defendants' motions for summary judgment and that because of his history of mental illness, the court should have kept him informed of what was required of him. On December 28 the court denied the motion on the ground that Mr. Griffin, despite his pro se status, was required to follow all court rules, including the requirement for filing a response to a motion for summary judgment, *see Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), and that he had failed to make any arguments that would support setting aside the court's judgment. Mr. Griffin's notice of appeal was filed on January 4, 2008.

## II.   DISCUSSION

### A.   Timeliness of Appeal

A notice of appeal must be filed within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a). The time for filing can be tolled if certain motions are filed (such as a motion under Fed. R. Civ. P. 59 or a motion under Fed. R. Civ. P. 60 filed within 10 days of entry of judgment), *see* Fed. R. App. P. 4(a)(4)(A)(i)-(vi); but no tolling motion was filed here. Mr. Griffin's postjudgment motion was too late to be a Rule 59 motion, which must be filed within 10 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). And even though we can, and do, construe the motion as arising under Rule 60, it cannot toll the time for appeal because it was filed more than 10 days after entry of judgment. Accordingly, Mr. Griffin's notice of appeal was too late to appeal the summary judgment. On the other hand, the notice was filed within 30 days of the order denying his postjudgment motion, so appeal of that order is timely.

### B.   Merits

"Our task upon review of a district court's denial of a Rule 60(b) motion is to determine only whether the district court abused its discretion in denying such relief. When doing so, we are mindful that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). To the extent that Mr. Griffin's motion addressed the merits of the case (which is not at all

-4-

apparent), it could not be considered under Rule 60(b). Rule 60(b) is not a substitute for appeal and cannot be used to raise legal error in a judgment when filed after the time for appeal has expired. *See Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358–60 (10th Cir. 1985).

Reading Mr. Griffin's postjudgment motion liberally, the sole contentions that we can discern are that the district court should have appointed him a lawyer and that the court did not give him proper notice of what he needed to do to avoid summary judgment. The only provision of Rule 60(b) that these contentions might come under is 60(b)(4),[1] which provides relief from a judgment that is "void." A judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *See Arthur Anderson & Co. v. Ohio (In re Four Seasons Sec. Laws. Litig.*), 502 F.2d 834, 842 (10th Cir. 1974).

---

[1]The six grounds for relief under Rule 60(b) are:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Mr. Griffin's contentions do not go to the court's jurisdiction, but they could be read to invoke due process.

Nevertheless, the contentions lack merit. A pro se litigant is not entitled to appointment of counsel when, as here, the allegations of the complaint are "vague and conclusory and fail[] to state a constitutional claim." *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir. 1988). As for Mr. Griffin's contention that he received inadequate notice of what was required to oppose the motions for summary judgment, the district court determined that the motions were properly mailed to him. And although he claims that his mental illness entitled him to greater solicitude from the court, we are aware of no legal authority requiring such solicitude toward a plaintiff in a civil case, nor did he present any evidence that his prior mental illness impaired his ability to pursue his claims in this case. The district court did not abuse its discretion in denying the postjudgment motion.

## III.  CONCLUSION

We AFFIRM the order of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge