FILED
United States Court of Appeals
Tenth Circuit

October 27, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|  |  |
|---|---|
| CHARLIE JAMES GRIFFIN, JR., | |
| Plaintiff - Appellant, | |
| | No. 08-1194 |
| v. | D. Colo. |
| MESSAMORE KELLY, | (D.C. No. 07-CV-00178-MSK-MJW) |
| Defendant - Appellee. | |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Charlie James Griffin, proceeding pro se,[1] appeals from the district court's dismissal of his complaint without prejudice under Rule 8 of the Federal Rules of Civil Procedure. We affirm.[2]

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] While the district court's dismissal was without prejudice, we have jurisdiction over this appeal because the dismissal disposed of the entire case as the court denied further leave to amend and directed the Clerk of the Court to close the case. *See Moya v. Schollenbarger*, 465 F.3d 444, 450-51 (10th Cir.

# I. BACKGROUND

Griffin originally filed a form "Prisoner Complaint" against Messamore Kelly who is affiliated with "Community Correction of Pikes Peak Region." (R. Doc. 2 at 1-2.) Under the "Nature of the Case" section, he alleged he went to trial in 1998 and was sentenced to "an outrageous sentence" of 6 years imprisonment for a 1995 fight at work in which the other individual attempted to hit him first. (*Id.* at 3.) He claimed that although he completed the 6-year sentence, the Parole Board sentenced him to another 3 years, which he served in its entirety. Griffin also averred he served 14 months in jail for the fight. He stated he was falsely imprisoned and "they" deprived him of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. (*Id.*) Griffin did not raise any claims under the "Cause of Action" section of the complaint. (*Id.* at 4.) On page 7 of the complaint, which appears to have been inserted by Griffin and is entitled "7-7-2004," he alleged the halfway houses in Colorado Springs and E.T.C. discriminated against him because they knew he was denied parole several times and completed his sentence. (*Id.* at 7.) Griffin also claimed the Attorney General's Office, the Parole Board, the Department of Corrections and Time Comp have "one big conspiracy toward [him]." (*Id.*) In the "Request for Relief" section, Griffin sought the appointment of an attorney and requested the "outrageous offense . . . be expunged from [his] record." (*Id.* at 9.) He further asserted that since his release from prison he has

---

2006); *see also Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.").

contacted several attorneys who refuse to help him. Because of their refusal, he is "suing all of these individual[s] in [his] lawsuit."[3] (*Id.*) [R. Doc. 2 at 3-9]

Before the district court acted on this complaint, Griffin filed an amended complaint against Kelly consisting of a caption page and two pages entitled "Nature of the Case." (R. Doc. 3 at 2-3.) In this complaint, Griffin clarified that after the fight with his coworker he was released on a $2,000 bond and in 1998 found guilty of second degree assault and sentenced to 6-years imprisonment. He complained he "[has] tried really hard to go to the half way houses or be put in I.S.P. [Intensive Supervision Probation] in Colorado Springs" but despite being eligible for placement in a halfway house and the I.S.P. program, he has been denied such placement. (*Id.* at 3.)

The district court issued an order directing Griffin to show cause why the complaint should not be dismissed. Reading Griffin's amended complaint in conjunction with his original complaint (hereinafter original complaints) and construing them liberally, the court stated it believed Griffin was seeking a writ of habeas corpus either challenging the legality of his sentence for his 1998 conviction or asserting he is entitled to be released, either to a halfway house or unconditionally, because he has completed his sentence. However, there were certain aspects of the complaint which belied this interpretation, including the fact Griffin stated he had been released, he was not requesting any type of habeas relief and Kelly was the only named defendant. Because the court was unable to discern the nature of Griffin's claims or the relief requested, it directed Griffin to

---

[3] Griffin did not describe or otherwise define "Community Correction of Pikes Peak Region," E.T.C. or Time Comp in his complaint.

file an amended complaint or otherwise show cause why his case should not be dismissed under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. It stated that if Griffin decided to file an amended complaint, he should indicate in the complaint (1) whether he was in custody seeking to be released and if so, to name the warden as a defendant; (2) whether he was subject to an undischarged sentence and if so, the details of that sentence; (3) whether he believes he is entitled to release to a halfway house and if so, the prison regulation or policy allegedly entitling him to such release and the facts indicating his eligibility for such release; and (4) whether his claims involved some other issue besides his conviction and/or release and if so, the relevant facts and a request for relief specifically stating all items of relief he seeks. The court advised Griffin that a failure to timely submit an amended complaint which allows it to reasonably discern the nature of his claims may result in dismissal of the case without prejudice.

In response, Griffin filed the caption of a form "Prisoner Complaint," again naming Kelly as the defendant. (R. Doc. 9 at 1.) He attached an amended "Request for Relief" in which he stated he has requested appointment of an attorney and has filed a habeas corpus action (98-CA-2611) in all the courts of Colorado for false imprisonment. (*Id.* at 2.) He also averred the halfway houses and Kelly knew it was a simple fist fight and that he had received only a $2,000 bond. He further alleged he was racially discriminated against and deprived of his constitutional rights which caused him to do 14 years in prison. He sought relief for his pain and suffering and mental distress and $100 million dollars.

The district court concluded that even when read in conjunction with the original complaints, the amended complaint did not clarify the nature of Griffin's claims but only obscured them further. It also noted Griffin had failed to follow the guidance it gave in the order to show cause as to what information to include in the amended complaint. The court again determined it could not ascertain the nature of his claims. While recognizing that dismissal is an extreme sanction and should only be imposed as a last resort, the court found dismissal was appropriate given it had provided Griffin an opportunity to amend his complaint along with specific guidelines as to what information he should provide. Consequently, the court dismissed the complaint and amended complaint without prejudice under Rule 8 of the Federal Rules of Civil Procedure.[4]

Griffin filed a letter seeking reconsideration of the district court's dismissal order. He stated that should the court deny reconsideration, the letter would be his notice of appeal. The court directed that the letter be treated as Griffin's notice of appeal.

## II. DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading

---

[4] The district court also dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Section 1915(e)(2)(B)(ii) allows a court to dismiss an *in forma pauperis* complaint "at any time" if the action "fails to state a claim on which relief may be granted." However, Griffin paid the district court filing fee and therefore this statute is not applicable. *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000). Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Because we conclude the court properly dismissed Griffin's complaint under Rule 8, we need not resolve whether Rule 12(b)(6) constitutes an alternative ground for dismissal.

stating a claim for relief to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." The short and plain statement of the claim must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), o*verruled on other grounds by Bell Atl. Corp. v. Twombly*, --U.S.--,127 S. Ct. 1955 (2007). We review the dismissal of a case without prejudice under Rule 8(a) for an abuse of discretion. *Langmade v. Denver Police Dep't*, 276 Fed. App. 852, 853 (10th Cir. 2008) (unpublished) (citing *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993)).[5] No abuse of discretion occurred.

Liberally construed, Griffin's original complaints failed to give Kelly fair notice of his claim, the basis for it and the relief sought. It was unclear whether Griffin was attempting to file a habeas petition or a civil rights complaint alleging false imprisonment, racial discrimination and/or conspiracy. While the complaints claimed the Attorney General's Office, the Parole Board, the Department of Corrections and Time Comp had "one big conspiracy toward [him]," none of these entities were named as defendants. And although the complaints said Griffin was suing the attorneys who refused to help him, none of these attorneys were named as defendants. The only named defendant was Kelly and Kelly is never expressly mentioned in the complaints other than in their captions. The district court notified Griffin of these defects and provided him an

---

[5] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Langmade* as we would an opinion from another circuit, persuasive because of its reasoned analysis.

opportunity to file an amended complaint to correct them. It also provided Griffin guidelines for filing an amended complaint. Griffin declined to follow these guidelines or otherwise cure the original complaints' defects. Even construing all three complaints together (the original complaints and the amended complaint), Griffin failed to provide Kelly fair notice of his claim or the relief sought.

Griffin does not substantively challenge the court's dismissal. Rather, he argues the court failed to consider the fact he has had a mental illness for over thirty years, did not provide him with an attorney and did not consider his state court writ of habeas corpus or his medical records, which he attaches to his appellate brief.[6] Because Griffin did not notify the district court of his mental illness or provide it his medical records or state court habeas corpus petition, the court did not err in failing to consider them. Nor did the court err in failing to appoint him counsel. "There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). The decision whether to appoint counsel is left to the sound discretion of the district court. *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir. 1988). Given Griffin's failure to identify his claim and the relief sought, the district court did not abuse its discretion in failing to appoint counsel.

---

[6] Griffin also argues the court never considered his letters seeking a status of his case. The record demonstrates Griffin filed three letters with the district court seeking a status of his case between the filing of his amended complaint on May 23, 2007, and the district court's dismissal of his case on April 16, 2008. The fact the district court did not respond to these letters is not a basis for reversing the dismissal of Griffin's case.

The district court's dismissal without prejudice is **AFFIRMED**.  Griffin's motion to proceed *in forma pauperis* on appeal is **DENIED**.  He is directed to remit the full amount of the filing fee within twenty days.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge