FILED
United States Court of Appeals
Tenth Circuit

July 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHARLIE JAMES GRIFFIN, JR.,

Plaintiff - Appellant,

v.

MR. A.W. ZAVARAS, Executive Director;
MR. JOE ORTIZ, Director of Correction, et
al.; MR. JAMES ABBOTT, Warden of
C.T.C.F.; MR. JOHN SUTHERS, Attorney
General; MR. ALLEN F. STANLEY,
Chairman; MR. CURTIS W. DEVIN, Vice
Chairman; MRS. DEBRAH C. ALLEN;
MR. MATTHEW J. RHODES; MR. JOHN
B. ROSEN; MRS. SHARON BARTLETT,

Defendant - Appellee.

No. 09-1165
(D. Ct. No. 09-CV-00574-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Charles Griffin, Jr. filed a pro se complaint under 42 U.S.C. § 1983, alleging constitutional violations by various officers in the Colorado Department of Corrections.  The district court dismissed the complaint as frivolous or malicious and denied his motion to proceed in forma pauperis ("IFP") on appeal.  Mr. Griffin appeals the dismissal of his petition and moves this court to allow him to proceed IFP on appeal.  We have jurisdiction under 28 U.S.C. § 1291.  We AFFIRM the district court's dismissal of Mr. Griffin's petition, and we DENY Mr. Griffin's motion to proceed IFP on appeal.

## I.  BACKGROUND

According to his pro se complaint, Mr. Griffin was incarcerated by the state of Colorado in 1998.  He claims that he was imprisoned for six years based on a "simple fight at work."  He claims that he was falsely imprisoned, and that the six-year sentence he received was "outrageous."  According to his brief, Mr. Griffin served another three years in prison when his parole was revoked, and he also served fourteen months in jail. He argues that he was falsely imprisoned for a total of fourteen years,[1] and he seeks $100 million as compensation for his pain and suffering.

Mr. Griffin asserts that he suffers from mental illness, and that his rights have been violated under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States

---

[1]It is not clear from the record how long Mr. Griffin was incarcerated, as he has furnished us with no documents from the state of Colorado.  He claims he was incarcerated for six years, plus three years, plus fourteen months, which adds up to a total of ten years and two months.  He also asserts, however, that he was falsely imprisoned for a total of fourteen years.  In any event, determining the exact duration of Mr. Griffin's sentence is not necessary to resolve his appeal.

Constitution. In addition to his claim of false imprisonment, he states that the court has refused to appoint a lawyer for him. He also lists several attorneys who have refused to take his case.

In January 2007, Mr. Griffin filed a § 1983 complaint that was similar to the complaint in this case. In case No. 1:07-CV-00179-MSK-MJW, Mr. Griffin alleged that several Colorado officials had violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. *See Griffin v. Ortiz*, 286 Fed. App'x 538, 539 (10th Cir. July 8, 2008). The district court construed Mr. Griffin's complaint as alleging false imprisonment under the Fourth Amendment, as well as a Fifth Amendment Due Process violation. *Id.* at 540. The court granted summary judgment to all defendants. Mr. Griffin then filed a motion to set aside the verdict, which the court denied. *Id.*

On appeal, this court determined that Mr. Griffin had only timely appealed the district court's denial of his motion for post-judgment relief. *Id.* Construing Mr. Griffin's motion liberally, we determined that his only arguments on appeal were that he was denied the appointment of counsel and that the court did not give him proper notice that he needed to reply to the summary judgment motion. *Id.* at 540–41. This court noted that he had no right to an attorney, and that the district court had determined that the motions were properly mailed to Mr. Griffin. *Id.* Thus, we upheld the district court's denial of Mr. Griffin's motion for post-judgment relief. *Id.*

Also in January 2007, Mr. Griffin filed suit against Messamore Kelly—case No. 1:07-CV-00178-MSK. Mr. Kelly was affiliated with "'Community Correction of Pikes

Peak Region.'" *Griffin v. Kelly*, 297 Fed. App'x 760, 761 (10th Cir. Oct. 27, 2008). Mr. Griffin alleged a conspiracy against him. *Id.* As in the other case he filed at that time, Mr. Griffin alleged violations of his Fifth, Sixth, Eighth and Fourteenth Amendment rights, in conjunction with his incarceration by the state of Colorado. *Id.* After considering Mr. Griffin's complaint and an amended complaint, the court held that it was unable to discern a cause of action and dismissed the complaint without prejudice. *Id.* at 761–62.

On appeal, this court affirmed the dismissal. *Id.* at 763. Mr. Griffin argued that the court failed to consider that he had been mentally ill for more than thirty years, did not appoint him an attorney, and did not consider certain medical and judicial records that he attached to his brief. *Id.* This court rejected Mr. Griffin's arguments, again noting that he has no right to counsel in a civil case. *Id.*

Undeterred, Mr. Griffin filed another complaint in December 2008—case No. 1:08-CV-02597-BNB—against the same nine defendants he had sued in January 2007. *See Griffin v. Zavaras*, No. 08-CV-02597-BNB, 2009 WL 347279, at *1 (D. Colo. Feb. 5, 2009). He later amended the complaint to add A.W. Zavaras, executive director of the Colorado Department of Corrections. *Id.* Again, Mr. Griffin asserted that the defendants had violated his constitutional rights. *Id.* The district court noted that his complaint was nearly identical to the complaint he had filed in case No. 1:07-CV-00179-MSK-MJW. *Id.* The district court found that Mr. Griffin's complaint was frivolous and malicious because he was attempting to re-litigate matters that already had been decided. Therefore, the

- 4 -

court dismissed the complaint.  *Id.* at *2.

Following that dismissal, Mr. Griffin filed the instant complaint on March 17, 2009, suing the same ten defendants that he had sued in case No. 1:08-CV-02597-BNB. Again, he alleged that he received an outrageous sentence, that he was falsely imprisoned, that he was denied counsel, and that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights had been violated.  Once again, the district court held that Mr. Griffin was attempting to litigate matters that already had been decided.  The court dismissed Mr. Griffin's complaint as frivolous and malicious, and he filed a timely notice of appeal. The district court denied Mr. Griffin's motion under 28 U.S.C. § 1915 and Fed. R. App. P. 24 to proceed IFP on appeal.  The court held that the "appeal is not taken in good faith because Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  On appeal, Mr. Griffin has moved this court for authority to proceed IFP.

## II.  DISCUSSION

This court has not determined, in a published opinion, whether a district court's dismissal of a complaint as frivolous or malicious should be reviewed de novo or for abuse of discretion.  *See Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000).  As was the case in *Plunk*, we need not make that determination now because we would affirm the district court applying either standard.

Mr. Griffin has moved to proceed IFP, and thus we apply 28 U.S.C. § 1915.[2] According to the statute, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Thus, to be able to proceed IFP, "the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

The district court correctly determined that Mr. Griffin's action qualifies as "frivolous or malicious" because it duplicates previous litigation. A complaint that rehashes previously litigated issues may be dismissed as frivolous or malicious. *See, e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissing appeal with application for IFP status as frivolous because "it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit"); *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984) ("The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee."); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive . . . ."); *see also Davis v. Bacon*, 234 Fed. App'x 872, 874 (10th Cir. May 18, 2007) (affirming dismissal of a complaint as frivolous because "the current suit substantially mirrors the prior complaint

---

[2]On its face, § 1915 appears only to apply to prisoners, and Mr. Griffin is no longer incarcerated. We apply § 1915 to all plaintiffs who seek IFP status, however, even if they are not prisoners. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

that was dismissed").

In this case, Mr. Griffin's complaint is similar to the complaints he filed in case No. 1:07-CV-00179-MSK-MJW and in case No. 1:08-CV-02597-BNB. He has sued the same nine defendants as he sued in the 2007 case, plus Mr. Zavaras, and the same ten defendants that he sued in the 2008 case. In both of those cases, in the 2007 case against Mr. Kelly, and in the instant case, he has alleged constitutional violations based on his incarceration by the state of Colorado. The district court and this court addressed his arguments on the merits in case No. 1:07-CV-00179-MSK-MJW and the subsequent appeal. *See Griffin v. Ortiz*, 286 Fed. App'x at 538–41. In this case, the district court properly characterized Mr. Griffin's continual attempts to litigate the same issues as frivolous. The district court therefore acted properly in dismissing Mr. Griffin's complaint and denying his motion to proceed IFP on appeal.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Mr. Griffin's complaint. We DENY Mr. Griffin's motion to proceed IFP on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge